GEORGE P. BALDWIN *vs.* STEPHEN DOW & others.

Suffolk. Nov. 12, 1880. — Feb. 23, 1881. LORD, SOULE & FIELD, JJ., absent.

A negotiable promissory note was indorsed by the payee for the accommodation of the maker. On the back of the note was the following, signed by the de fendants : " We hereby guarantee the payment of the within note." *Held,* that their contract was not with the payee, but with the first holder for value who took the note with the guaranty upon it. *Held, also,* that parol evidence was admissible to show the consideration of the contract, and the time when it first took effect by delivery ; but not to vary or control its terms.

CONTRACT. The declaration alleged that the Boston and Mystic Valley Railroad Company made a promissory note, dated October 5, 1878, for $5000, payable four months after date, with interest, to the order of Sydney P. Pratt; that Pratt indorsed the same to the plaintiff; and that the defendants signed the following guaranty on the back of the note : " We hereby guar- antee the payment of the within note, waiving demand, notice and protest; " and further alleged a demand on the maker and refusal to pay; and that the defendants owed the plaintiff the amount of the note, with interest. The answer denied that the defendants guaranteed the note to the plaintiff, and alleged that they guaranteed it to Sydney P. Pratt.

Trial in the Superior Court, without a jury, before *Pitman,* J., who, after finding for the plaintiff for the amount of the note and interest, reported the case for the determination of this court, in substance as follows:

The signatures to the note were admitted. It appeared in evidence that Dow was the president and the other defend- ants were directors of the Boston and Mystic Valley Railroad Company, a corporation duly organized under the laws of the Commonwealth, and that Pratt, the payee of the note, was the treasurer of the corporation ; that the note was one of a loan of $30,000, authorized by a vote of its directors, passed October 3, 1878, at a meeting which all the directors attended ; that the plaintiff bought the note of Pratt, on October 9, 1878, for $4949.82, and was told by Pratt that the proceeds of the note were to be used for completing the railroad of the corporation that the corporation received the money, and the amount was

entered on its books; that the guaranty was on the note when the plaintiff received it, and was signed the day the note was signed; that at the time the note was issued the corporation was not indebted to Pratt; and that the plaintiff was the first and only holder for value, and used due diligence, but without avail, to collect the same from the promisor and payee.

Two of the defendants, called as witnesses for the plaintiff, testified, on cross-examination, that Pratt told the guarantors that, if they would guarantee the notes, he would furnish all the money desired; that they understood that Pratt had means of his own, and was to furnish the money himself.

If, as matter of law, there was no competent evidence to sustain the finding for the plaintiff, a new trial was to be had; otherwise, judgment to be entered for the plaintiff.

*W. C. Cogswell*, ( *O. T. Gray* with him,) for the defendants.

*G. Morse*, for the plaintiff.

COLT, J. The liability of a party whose name appears on the back of a negotiable promissory note, as guarantor or otherwise, is to be determined by the relation which is thereby assumed towards the payee, indorsee or holder, at the time when the note first takes effect by delivery as a valid security for the money paid upon it. The condition of the note when first delivered and accepted as a binding contract is the test of liability. *Dubois* v. *Mason*, 127 Mass. 37. *National Pemberton Bank* v. *Lougee*, 108 Mass. 371. *Stoddard* v. *Penniman*, 108 Mass. 366. *Bigelow* v. *Colton*, 13 Gray, 309. *Clapp* v. *Rice*, 13 Gray, 403.

There was evidence in the present case, which fully warranted the judge, who tried the case without a jury, in finding that the note upon which the guaranty of the defendants is written, was made in its present form to enable the Boston and Mystic Valley Railroad Company to borrow money upon it for its own use; that the guaranty was signed by the defendants, who were directors of the company, at the time the note was written, with the intention that it should become available for the benefit of any one to whom the note should be transferred as security for money lent to the corporation; and that the note was made payable to Pratt, who was then treasurer of the corporation, merely for convenience in negotiating it; and was first transferred to the plaintiff as security when the latter paid the amount thereof

less the discount to the corporation. The evidence received in support of these findings was competent for the purpose of showing the consideration of the contract, and the time when it first took effect by delivery, but not to vary or control its terms.

By the rule above stated, the contract of guaranty is to be interpreted as if, when the plaintiff paid the money to the corporation, all the parties were present, and then signed and delivered the note and guaranty in the present form. It is a guaranty indorsed upon a negotiable promissory note payable on time and indorsed by the payee for the accommodation of the maker. There is no person named to or with whom it is made. It is to be presumed that the defendants by their contract intended to give credit to the note as a security for the money obtained upon it. To say that Pratt, the payee, is the one to whom the guaranty is made, is to declare that the parties intended to give the benefit of it to one who was merely a surety for the maker. The more reasonable construction is, that it was given to secure the party who first accepted it as a valid contract and advanced money to the maker of the note upon its credit. In the well-considered case of *McLaren* v. *Watson*, 26 Wend. 425, where with some dissent it was decided by the Court of Errors that the guaranty of a negotiable note was not itself negotiable, it was also, without dissent, declared that a general guaranty of the payment of a note, without naming any person as the party guaranteed, was a valid instrument, and might be enforced by any one who advanced money upon it. And in *Northumberland Bank* v. *Eyer*, 58 Penn. St. 97, where a negotiable promissory note, which was indorsed by the payee for the accommodation of the maker, and upon which the defendant added his signature to the words, " I guarantee the collection of the within note," it was decided that the law implied that the contract of guaranty was not with the accommodation payee, but with the plaintiff, who discounted the note and was the first holder for value. See also Story on Bills, § 458; Story on Notes, § 484.

*Judgment for the plaintiff.*