GEORGE S. JONES *vs.* STEPHEN DOW & others.

Suffolk. Jan. 9. — April 1, 1884. DEVENS & HOLMES, JJ., absent.

An allegation in a declaration of a conclusion of law from the facts averred is not traversable, and is not admitted by a demurrer, and may be rejected as surplusage.

A declaration alleged that a corporation, by its treasurer P., made a promissory note payable to P., for the purpose of negotiating it for the benefit of the corporation; that P. indorsed the note, waiving demand, notice, and protest; that the defendants, who were directors in the corporation, some of whom had approved the note in writing, "for said purposes and for said considerations," made the following contract, which they indorsed on the note: "We hereby guarantee the payment of the within note;" that the note was then, before its maturity, sold and delivered to the plaintiff for a valuable consideration paid by him to P. *Held,* on demurrer, that the declaration showed a guaranty of the note, for a sufficient consideration, to the plaintiff, as the first indorsee and holder for value.

CONTRACT. The declaration alleged that the Boston and Mystic Valley Railroad Company, by its treasurer, Sidney P. Pratt, made a promissory note for $5000, dated December 15, 1878, payable four months after date, with interest, to the order of Pratt, for the purpose of being sold in the market in order to raise money to meet the liabilities of said company, which note was at the same time approved by the directors (a part of whom were defendants in this action), as appeared by a writing on the note; that, at the same time, the note was indorsed by Pratt, waiving demand, notice, and protest; that, at the same time, for said purposes, and for said considerations, the other defendants, who were directors, and who approved the note and transactions, made and entered into the following contract, which

they then and there indorsed upon the note: " We hereby guarantee the payment of the within note, waiving demand, notice, and protest ; " that the note, being in said condition, was sold and delivered to the plaintiff for a valuable consideration paid by him to Pratt as treasurer of said company; that the plaintiff received the note, before the same became due and payable, soon after the making and approval of the note, and the indorsement thereof, and said contract by the defendants, which were all parts of one and the same transaction, done for one and the same purpose, to wit, to raise money for the purposes of said railroad company, by means whereof the other defendants became liable and promised to pay said note at its maturity to the lawful holder thereof, which lawful holder was the plaintiff; and that the note was not paid by said company, or by Pratt, at the date of its maturity, nor ever since, nor have the other defendants, or either of them, or any other person whomsoever, paid said note, but have totally neglected and refused so to do.

The defendants demurred to the declaration upon the following grounds : " 1. The declaration shows that the words, ' We hereby guarantee the payment of the within note, waiving demand, notice, and protest,' therein alleged to be a contract, were not addressed to the plaintiff in this action, but to the payee named in said note.   2. The declaration alleges that a contract in the words, ' We hereby guarantee the payment of the within note, waiving demand, notice, and protest,' was made by these defendants prior to the purchase by the plaintiff of said note, and sets forth no promise by the defendants to the plaintiff. 3. No contract or agreement between the plaintiff and the defendants is set forth in the declaration.   And, specially demurring to so much of the declaration as avers 'that said note, being in said condition, was sold and delivered to the plaintiff for a valuable consideration paid by him to Pratt as treasurer of said company,' say that said allegation is immaterial and improper; and that, if said allegation is material, the consideration for the sale should be specifically and certainly set forth.   4. The legal effect of the words, ' We hereby guarantee the payment of the within note, waiving demand, notice, and protest,' upon the note, referred to as part of said declaration, is misconceived, and erroneously and falsely alleged to create a cause of action in the

plaintiff as the holder at its maturity of said note against the defendants. 5. The declaration does not set out a legal cause of action against the defendants substantially according to the rules of the practice act, and is verbose, uncertain, informal, and defective."

The Superior Court sustained the demurrer, and ordered judgment for the defendants; and the plaintiff appealed to this court.

*W. C. Cogswell*, for the defendants.

*S. H. Phillips*, for the plaintiff.

W. ALLEN, J. The allegation, "by means whereof the other defendants became liable and promised to pay said note at its maturity to the lawful holder thereof," is a statement of an erroneous inference of law, and may be rejected. An allegation of the pleader's conclusion of law from facts pleaded is not traversable, and is not admitted by demurrer; *Hollis* v. *Richardson*, 13 Gray, 392; Gould Pl. *c.* 7, § 48; *c.* 9, § 29; *Everett* v. *Drew*, 129 Mass. 150; it need not be made; *M'Gee* v. *Barber*, 14 Pick. 212; and, if made, may be rejected as surplusage. *Tucker* v. *Randall*, 2 Mass. 283. The objection, that, without this, there is no express allegation that the guaranty was made to the plaintiff, cannot avail if, from the facts which are well pleaded, the law will infer that the promise was to him.

*Baldwin* v. *Dow*, 130 Mass. 416, was an action upon a guaranty of the same form, and given by the same parties, and under the same circumstances, as the one in suit. No question of pleading was raised in that case; but it decided that facts like those alleged in the plaintiff's declaration showed a guaranty to a person who first accepted the note as a valid contract, and advanced money to its maker upon its credit. The declaration in this case alleges, in effect, that the plaintiff was the first indorsee and holder of the note for value, but it does not allege that he advanced money to the maker upon it, nor what consideration he gave for it; and that presents the only question left open by *Baldwin* v. *Dow*. The objection is, that the consideration paid by the plaintiff for the note is not specifically and certainly set forth in the declaration. The allegations are, that the payee, acting for the maker, indorsed the note, and sold and delivered it to the plaintiff for a valuable consideration paid

by him. This is a sufficient statement of the consideration of the indorsement of the note, and a sufficient allegation that the plaintiff is the first indorsee and holder of the note for value; but it is defective if it is taken as the statement of the consideration of the defendant's promise, for that comes under the general rule that the consideration of a simple contract must be set forth, and not under the exception relating to commercial paper. We think this is not to be taken as the allegation of the consideration of the defendant's promise, but as designating the person to whom the promise was made.

The declaration states the consideration of the guaranty; that it was made at the request of the maker, for its benefit, to give credit to the note, and aid the maker in negotiating it. This sufficiently sets forth a consideration for the guaranty. *Baldwin* v. *Dow*, *ubi supra*. But the guaranty, no person being named in it and not being negotiable, would, if nothing more appeared, be taken to be made to the payee of the note; and, in an action upon it by the payee, no further statement of consideration would be necessary. But the further allegation, which is made, that the payee was acting for the maker, and that the maker and the payee were in effect the same person, shows that, not the payee, but the one who should take his place as the first holder of the note for value, was intended as the promisee in the contract of guaranty. The note is payable to the order of Pratt, and the first holder must therefore be the first indorsee, and the promise is to him. The promise must be to a party to the note, and to that party who first acquires a right of action upon the note against the maker. So far as the consideration of the promise moved from the promisee, it consisted in taking the note as first indorsee, and not in lending money to the maker of the note. It was the payment of the note, not the repayment of the consideration given for it, that was guaranteed; and it was immaterial to the defendants what that consideration was; if the plaintiff has become a party to the note as first indorsee, their promise is to him. The construction of the contract is, that the defendants will guarantee the payment of the note to the person who shall become the first indorsee under the law merchant; and allegation and proof sufficient, as against the maker, to show that the plaintiff holds

that relation to the note, will be sufficient to show that he is the promisee in the contract of guaranty.

Interpreted in the light of the theory that the contracts are to be construed as if they were all executed at the time the note was delivered, and in the presence of all the parties, we find the same meaning. The allegations of the declaration then would be to the effect that the note was signed, and the guaranty and indorsement were signed for the accommodation of the maker of the note, the indorsement filled out to the plaintiff, and the note delivered to him as indorsee for a valuable consideration paid by him, all at the same time, and as one transaction. Upon such averments, the plaintiff would seem to stand in a position very similar to that of a payee to whom a note has been delivered.

The declaration alleges that Pratt, the payee, indorsed the note, and sold and delivered it to the plaintiff for a valuable consideration paid by him. This sufficiently sets forth the fact that the plaintiff was the first indorsee of the note for value, and, with the allegations in regard to the relations of the maker and payee, establishes the legal inference that the promise of guaranty was to the plaintiff. *Demurrer overruled.*