ALCID A. BARABE *vs.* DUHRKOP OVEN COMPANY.
EMILE BARABE *vs.* SAME.

Bristol.   October 28, 1918. — January 2, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* In installing oven.   *Actionable Tort.   Sale,* Conditional.

If a manufacturer of ovens installs an oven in a bakery under a contract in writing of conditional sale made with the baker, whereby the manufacturer is to retain the title to the oven until the full amount of the purchase price has been paid, and if four months later, before the full price has been paid, while the oven is being operated at the requisite temperature for baking bread, a fire bursts through the bricks by which the oven is installed because the interstices have not been filled sufficiently with mortar, whereby the stock in trade and fixtures of the baker are injured and destroyed, in an action of tort for negligence brought by the baker against the manufacturer of ovens, the plaintiff is entitled to go to the jury.

In the action above described it appeared that, when the oven was installed, there was a truss-beam directly over and in contact with the masonry of the arch at the top of the oven, and it was *held* that, although the defendant was under no obligation to remove the truss-beam, yet, with the truss-beam there, the defendant was bound to use reasonable care to install the oven in such a way that it could be operated safely, and, if the defendant's faulty performance of the work caused the fire, it was liable in damages, even if the exact form in which injury to the plaintiff might result was not foreseen.

If a manufacturer of ovens installs in the part of a building used by a tenant operating a bakery a baker's oven which the manufacturer annexes to the building, retaining the title to the oven under a contract of conditional sale made with the tenant, and the manufacturer does the work of installation so negligently that when the oven is used the building is set on fire and injured, the owner of the building has a right of action against the manufacturer to recover damages for the natural consequences of the manufacturer's negligence, although there was no contractual relation between the owner and the manufacturer, who when he installed the oven did not know who owned the building.

TWO ACTIONS OF TORT, both against a corporation engaged in the business of manufacturing, selling and installing ovens, the first by a baker carrying on his business at the building numbered 643 on South First Street in New Bedford, and the second by the owner of that building, who was the mother of the plaintiff in the first action, for negligence of the defendant's

agents and servants in constructing and installing a baker's
oven, under the terms of a contract of conditional sale, in the
building mentioned so carelessly that the building was set on
fire, whereby the stock in trade and fixtures of the plaintiff in
the first case were damaged and destroyed and the building of
the plaintiff in the second case was damaged. Writs dated
December 8, 1915.

In the Superior Court the cases were tried together before *Ray-
mond,* J. The evidence is described in the opinion. At the close of
the evidence the defendant filed a motion in each case asking the
judge to rule that the plaintiff could not recover and to order a
verdict for the defendant. The judge denied these motions and
submitted the case to the jury in a charge which included the
following instruction: "The truss-beam being there, the ques-
tion for the jury is whether they treated the situation in a reason-
ably careful manner, no duty resting on the defendant to take
away the truss-beam, but, the truss-beam being there, the floor
being there, did they do what reasonably careful men would do,
treating that situation that actually existed? If they did, they
were not negligent. If they did not, they were negligent."

The jury returned a verdict for the plaintiff in each case, in
the first case in the sum of $1,700 and in the second case in the
sum of $800. The defendant alleged exceptions to the refusal to
order verdicts for it and to the instruction quoted above.

*S. W. C. Downey,* (*C. T. Cottrell* with him,) for the defendant.
*J. P. Doran,* for the plaintiffs.

BRALEY, J. The exceptions to the instructions are not well
taken, and the presiding judge rightly submitted to the jury the
question of the defendant's liability. It manufactured and in-
stalled for the plaintiff Alcid A. Barabe one of its patent baking
ovens in accordance with the terms of a conditional contract,
under which title did not pass to the vendee upon completion
and installation but was to be transferred by a bill of sale when
the contract price had been fully paid. The plaintiff, who never
has acquired title, used the oven in his bakery, and within four
months from the date of the contract and while it was being
operated at the requisite temperature for baking bread, fire broke
out between the top of the oven and the ceiling, which the jury
would have been warranted in finding was caused solely by the

defendant's negligent workmanship. The defendant had bound itself to furnish an oven which was not defective when subjected to the conditions of operation shown by the contract. And the jury were correctly instructed that, while the defendant was under no obligation to remove the truss-beam directly over and in contact with the masonry of the arch at the top of the oven to which, as the jury could find, the fire bursting through the bricks was communicated because the interstices had not been sufficiently filled with mortar, it was required to use reasonable care to protect the truss-beam from combustion. If the company's faulty performance of the work caused the fire, it is liable in damages even if the exact form in which injury to the plaintiff might result was not foreseen. *Hill* v. *Winsor*, 118 Mass. 251. *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227, 231. *D'Almeida* v. *Boston & Maine Railroad*, 209 Mass. 81, 88.

The plaintiff in the second case is the mother of Alcid, and, when the oven was built and when the fire occurred, she was the owner of the "real estate" occupied by her son for the purposes of his business. It is contended that the verdict assessing damages for the injury to the buildings should be set aside because the fact of her ownership was unknown to the defendant and no contractual relations existed between them. The defendant, even if the contractee used that part of the premises where the oven had been placed, owed to the plaintiff as the landowner the duty of not causing injury to her property by its tortious acts or misfeasance. It was uncontroverted that it had annexed to the premises an oven to which it retained title under a contract, the performance of which by the conditional vendee until he acquired the ownership recognized the maintenance and use of the oven as previously stated. If the jury found that, when so used and because of insufficient construction, it became a dangerous instrumentality which would be likely to set the plaintiff's building on fire, the defendant is liable in damages. *Derry* v. *Flitner*, 118 Mass. 131, 134. *Gorham* v. *Gross*, 125 Mass. 232, 240. *Bickford* v. *Richards*, 154 Mass. 163, 164. *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227, 231. *Standard Oil Co.* v. *Wakefield*, 102 Va. 824, 832. The cases of *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341, 343, and *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, which hold that where the article or instrumentality is not of

itself inherently dangerous, "a vendor who makes no representation is not liable to a remote purchaser of the article sold, for damage done by defects in it," are manifestly distinguishable. *Glynn* v. *Central Railroad*, 175 Mass. 510, 512.

The exceptions in each case must be overruled.

*So ordered.*