ZOTIQUE BEAUDRY *vs.* HAMEL SHOE MACHINERY COMPANY.

Essex.    March 9, 10, 1920. — April 6, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Contract,* Construction, Performance and breach.   *Pleading, Civil,* Declaration. *Practice, Civil,* Amendment.

A contract in writing between an inventor and a manufacturing corporation provided that the corporation should have the exclusive license to make and sell machines embodying certain patents and applications for patents of the inventor, that the inventor would convey to the corporation letters patent and applications for such, both domestic and foreign, covered by the license, that the corporation should pay the plaintiff for the machines at specified rates and should forthwith pay him $5,000 as an advance payment; and further provided, in a paragraph numbered 8, that the inventor agreed "that whenever the . . . company shall have paid him the said total sum of $45,000, whether as royalties, or as lump payment before said royalties shall have become due, he will convey to the . . . company free and clear of all incumbrances the entire right, title and interest to all the inventions, letters patent, and applications for letters patent, both domestic and foreign covered by the license hereinbefore granted." In an action by the inventor against the corporation for breach of the contract, the inventor alleged that the corporation requested him to assign to it certain letters patent, and that he did so; that such letters patent were all that were issued to the inventor during the term of the agreement and that they covered inventions which were indispensable to the improved form of the patented machine, and that the defendant owed the plaintiff $40,000. On demurrer to the declaration it was *held,* that the declaration set out no cause of action.

A motion to amend the declaration above described added, as further allegations, that the corporation "gave notice to the plaintiff that it desired to avail itself of the right and option contained in paragraph 8 of said contract to which the plaintiff

had bound himself, to purchase all said letters patent for the sum of $45,000, and in pursuance of said notice the defendant requested the plaintiff to assign to it certain of said letters patent as hereinafter more particularly set forth, thereby intending that the plaintiff should understand that the defendant had decided to exercise said option to purchase and would pay therefor the balance of the 'lump' sum of $45,000, and the plaintiff in consequence of said notice and request and understanding that the defendant had elected to exercise said option and would pay said sum of $45,000, did assign to the defendant the absolute title to said letters patent;" that the plaintiff "has been ready and willing at all times to assign and transfer to the defendant any and all of his remaining inventions, letters patent and applications for letters patent, foreign and domestic, referred to in said contract and not heretofore sold to the defendant, and has notified the defendant to that effect, and that he had made and duly tendered to it an instrument, selling, assigning and transferring to it all inventions, letters patent and applications for letters patent covered by said contract;" and that the patents specifically enumerated in the declaration covered new and improved machines. *Held*, that the motion to amend included new matter which set forth a cause of action, and that the motion should be allowed.

CONTRACT, for breach of a contract in writing relating to the manufacture, sale and lease by the defendant of certain machines invented by the plaintiff. Writ dated February 10, 1919.

The declaration was amended after entry, and the amended declaration is described in the opinion. The defendant demurred. The demurrer was heard by *Wait*, J., and was sustained. The plaintiff appealed.

Thereafter the plaintiff moved to amend the amended declaration, as described in the opinion. The motion was heard by *Lawton*, J., and was denied on the grounds described in the opinion.

The rulings sustaining the demurrer and denying the motion to amend the declaration then were reported by the respective judges for determination by this court.

*C. F. Perkins*, (*C. L. Perkins & P. F. Perkins* with him,) for the plaintiff.

*R. Spring*, (*G. P. Dike* with him,) for the defendant.

PIERCE, J. This case came before a judge of the Superior Court on demurrer to an amended first count of the declaration. The demurrer was sustained and the judge before taking further action has reported the question raised thereby for the determination of the Supreme Judicial Court.

The action is in contract upon a written agreement under seal, between the plaintiff and the defendant, dated August 13, 1913,

and a copy of the agreement is annexed to the declaration. As a preamble to the agreement it is recited that Beaudry is the owner of certain letters patent and applications for letters patent of the United States for inventions; that "Beaudry desires to obtain a market for machines embodying the said inventions or some of them;" that the Hamel company "desires to obtain the right to make, use and sell or lease machines embodying said inventions or some of them, and may desire to purchase said letters patent, and applications for letters patent, together with any patent or patents which may be issued upon said applications, and any foreign patents for said inventions, and to acquire any improvements upon the subject matter of said patents, or applications for patents which may be hereafter made by the said Beaudry." The agreement then continues: "Now therefore for and in consideration of the sum of one dollar and other good and valuable considerations each to the other paid, the receipt whereof is hereby acknowledged, and of the mutual covenants and agreements herein contained, it is agreed as follows:"

1. The said Beaudry grants to the Hamel company, subject to the conditions hereinafter contained, the exclusive license for the term of the agreement, to make, use and sell machines embodying the inventions shown and described in certain enumerated letters patent, or applications for letters patent or any substantial part thereof, or any patent or patents on any pending applications, or any letters patent which may be issued on any improvements "made, owned or controlled" by said Beaudry.

2. He agrees to disclose to the Hamel company hereinafter called the defendant any improvements on the machines covered by the letters patent and applications for letters patent.

3. To make application for letters patent on such improvements as the defendant requests at the expense of the defendant, and to execute licenses therefor to the defendant of the same tenor as the licenses granted.

4. He agrees that the defendant shall have the right to call the machines by the name of Beaudry and employ the name Beaudry in connection with the business of making and selling or leasing machines under this lease.

5. He agrees not to engage in the business of burnishing or edge setting for five years.

6. He agrees "to . . . execute any and all patents" and do any and all acts which may be necessary or useful in more fully vesting in the defendant "the rights herein granted, but without expense to himself."

7. He agrees "that whenever the Hamel Company shall have paid him the said total sum of forty-five thousand dollars, whether as royalties, or as lump payment before said royalties shall have become due, he will convey to the Hamel Company free and clear of all incumbrances the entire right, title and interest to all the inventions, letters patent, and applications for letters patent, both domestic and foreign covered by the license hereinbefore granted."

The defendant agrees:

1. To use its best efforts to create a market and a demand for machines embodying the inventions covered by this license agreement.

2. It agrees to employ the plaintiff for one year at $35 per week, it to have the privilege of continuing the employment from year to year for five years from the date of the agreement.

3. It agrees to pay the plaintiff for such machines as are sold or leased at specified rates.

4. It agrees to keep accurate accounts and to furnish to the plaintiff a statement of the number of machines sold or leased, at stated times, with a check for the payment of royalties due the plaintiff as shown by the statement.

The contract further provides: "It is mutually understood and agreed that if the Hamel Company shall not have paid the said Beaudry the sum of forty-five thousand dollars as hereinbefore provided within five years from the date hereof, the said Beaudry shall have the right to terminate this agreement by giving the said Hamel Company thirty days notice in writing, and further that if at any time the Hamel Company desires to cancel this agreement it may do so by giving the said Beaudry thirty days notice in writing, but in such case the said Beaudry shall not be required to repay any portion of the sum of Five Thousand Dollars paid to him as an advance on royalties as provided in paragraph 7 hereof." It also agrees that it will upon the execution of the agreement pay to the plaintiff the sum of $5,000 as an advance payment on account of royalties to be paid under the terms of the agreement.

As amended the first count of the declaration contained the following allegations: "That the defendant pursuant to the terms of said agreement, at the time of the execution of the same, advanced to the plaintiff the sum of five thousand ($5000) dollars on account of royalties thereafter to accrue; that the plaintiff agreed that upon the payment to him by the defendant as royalties or purchase price of the sum of forty thousand ($40,000) dollars in addition to said five thousand ($5000) dollars within the term of said agreement, to wit: five years from the date thereof, he would assign and convey to the defendant company free and clear of all incumbrances the entire right, title and interest to all the inventions, letters patent, and applications for letters patent, both domestic and foreign, covered by said license and agreement. And the plaintiff further says that the defendant pursuant to its right and privilege under said agreement to acquire the title to said letters patent, applications for letters patent and inventions for the sum of forty-five thousand ($45,000) dollars, requested the plaintiff to assign to the defendant, and the plaintiff accordingly did so assign the following letters patent as they were issued to him, to wit: [five letters patent then enumerated]; that said last named five letters patent were all the United States letters patent that were issued to the plaintiff during the term of said agreement; that they covered inventions which were indispensable to the improved form of the said patented machine; that the defendant after the execution of said agreement by its executive and duly authorized officers, notified the plaintiff and declared that the defendant would avail itself of its right and privilege to purchase said letters patent and inventions, whereupon the plaintiff relied upon the defendant to take the title to the letters patent and inventions remaining in his hands and to pay to him the said additional forty thousand ($40,000) dollars as the purchase price specified."

The demurrer assigns as causes that the declaration sets out no cause of action against the defendant substantially in accordance with R. L. c. 173, and that the contract nowhere provides that upon the conveyance or assignment of the patents enumerated therein by the plaintiff to the defendant the latter will pay the former $40,000.

The plaintiff's position is that paragraph "8" of the con-

tract, which reads, "The said Beaudry agrees that whenever the Hamel Company shall have paid him the said total sum of forty-five thousand dollars, whether as royalties, or as lump payment before said royalties shall have become due, he will convey to the Hamel Company free and clear of all incumbrances the entire right, title and interest to all the inventions, letters patent, and applications for letters patent, both domestic and foreign covered by the license hereinbefore granted," is an irrevocable offer of the plaintiff for the term of five years to sell and convey the letters patent to the defendant for the sum of $45,000; that the defendant assumed no obligation in the contract alone to buy the patents; that he had simply an option to purchase them at the agreed price at any time within five years; that its request to the plaintiff to assign to it the five letters patent enumerated in the declaration, and the assignment thereof as requested, constituted an election by the defendant to exercise its option to purchase the letters patent, worked a transformation of the option contract into a bilateral contract on the terms of the agreement of the plaintiff, and were such a substantial performance of that agreement as rendered the defendant liable for the stipulated price of $45,000 less the payment of $5,000 made the plaintiff under the contract.

We are unable to agree with the plaintiff's contention. It is true the defendant was given an irrevocable license to purchase the letters patent enumerated in the agreement, which it might exercise at any time within five years. It is true it did not bind itself to purchase the letters patent. It is equally true that the defendant did not make a "lump payment" of $40,000 or of any sum, without which the option contract could not be turned into a binding promise to sell and convey the letters patent. It is not contended that the plaintiff has ever conveyed to the defendant the letters patent and applications for letters patent set out in the agreement, nor is it alleged that the plaintiff was requested so to do; the allegation is that the plaintiff at the request of the defendant assigned to the defendant five letters patent enumerated in the declaration, which issued after the execution of the agreement, and it is not alleged that these letters patent were issued subsequently on application for letters patent pending when the agreement was executed. It is plain the declaration does not

set out any breach of the written agreement by the defendant. It follows that the demurrer was sustained rightly.

After the order sustaining the demurrer had been entered, the plaintiff filed a motion to amend his declaration by adding thereto four additional counts, numbered from one to four inclusive, respectively, and by renumbering the counts of the original declaration five and six respectively. The trial judge denied the motion, not in the exercise of his general discretion, but on the specific grounds that (1) "In this proposed amendment to the declaration there is no material matter pleaded which has not been adequately pleaded in the first and second count of the original declaration," and (2) "If it could be ruled that the amended declaration alleges an express oral promise by the defendant to pay any sum of money the plaintiff's answer to the defendant's interrogatories 10 and 11 deny any such promise," and reported the correctness of the order denying the plaintiff's motion to amend to the Supreme Judicial Court for its determination.

We are of opinion that count three of the proposed amendments did add new and material facts to count one of the original amendment, in the following particulars: Count one of the original declaration alleged that "the defendant . . . requested the plaintiff to assign . . . and the plaintiff . . . did so assign" certain enumerated patents; the proposed amendment alleges in substance that "the defendant by its duly authorized officers, gave notice to the plaintiff that it desired to avail itself of the right and option contained in paragraph 8 of said contract . . . to purchase all said letters patent for the sum of forty-five thousand ($45,000) dollars, and . . . requested the plaintiff to assign to it certain of said letters patent . . . and the plaintiff in consequence of said notice and request and understanding that the defendant had elected to exercise said option and would pay said sum of forty-five thousand ($45,000) dollars, did assign to the defendant the absolute title to said letters patent." It also alleged in addition to count one that he, the plaintiff, "has been ready and willing at all times to assign and transfer to the defendant any and all of his remaining inventions, . . . not heretofore sold to the defendant, and has notified the defendant to that effect, and that he had made and duly tendered to it an instrument, selling, assigning and transferring to it all inventions, letters patent and applications

for letters patent covered by said contract." It also alleged in addition, in substance, that the letters patent enumerated in the declaration in count one covered new and improved machines. We are of opinion that count three should have been allowed in amendment of count one, and that the amended count states a cause of action which is a breach of the written agreement.

We are also of opinion that count one of the amended declaration states a cause of action which depends not upon the written contract but upon an implied promise of the defendant to pay to the plaintiff the reasonable value of the letters patent sold, assigned and transferred to it by the plaintiff at its request.

Counts two and four add no material facts to counts one and two of the original declaration, and the motion was denied rightly as to each of them.

It follows that the demurrer to count one of the original declaration should be sustained; that the motion to amend count one by adding count three of the amended declaration should be allowed; that the motion to add count one of the amended declaration should be allowed; and that the motion to add counts two and four of the amended declaration should be denied.

*So ordered.*