GRACE KELLY *vs.* PITTSFIELD COAL GAS COMPANY.

Berkshire.    September 21, 1926. — November 23, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* In installation of gas heater, Assumption of risk.

At the trial in a district court of an action of tort against the vendor of a gas appliance for personal injuries alleged to have resulted from the emission of gas from the appliance by reason of its being improperly set up, connected, and installed, there was evidence that the defendant undertook properly to install the appliance; that, if properly installed, it consumed a mixture of gas and air; that the combustion was controlled through a shutter held in place by a screw which must be adjusted by a screw driver; that the plaintiff and her servants did not touch the screw after the appliance was set up; that they were given no instructions in regard to this screw; that the plaintiff was injured in health by inhaling poisonous fumes emitted by the heater; that an employee of the defendant then readjusted the shutter to remedy improper combustion resulting in the escape of harmful fumes, and that thereafter no further leakage occurred. *Held,* that

(1) Findings of negligence in the installation on the part of the defendant or its agents or servants, and of freedom from contributory negligence on the part of the plaintiff were warranted;

(2) The judge was not required as a matter of law to find that the plaintiff assumed the risk of the injury.

TORT for personal injuries. The plaintiff in her declaration alleged that she bought of the defendant a gas water heating appliance and that, as a part of the contract of purchase and sale, the defendant by its agents or servants "undertook to properly set up and instal said heating appliance in the plaintiff's place of business," but "so negligently set up, connected and installed" the appliance that it leaked, and the plaintiff was injured. Writ in the District Court of Central Berkshire dated December 16, 1924.

Material evidence at the trial in the District Court is described in the opinion. The judge found for the plaintiff in the sum of $1,118.84, and reported the action to the Appellate Division of the Western District, who ordered the report dismissed. The defendant appealed.

*M. B. Warner*, for the defendant.

*F. M. Myers*, for the plaintiff.

WAIT, J. There was evidence which would justify findings that the defendant sold to the plaintiff an appliance for heating water by burning a mixture of air and gas which, when properly combined by suitable adjustment of control devices, was harmless, but which, when improperly mingled through faulty adjustment of the controls, gave off poisonous fumes; and undertook to install it in the plaintiff's place of business; that the plaintiff was injured in health by inhaling poisonous fumes emitted by the heater, and that the installation was negligent. No claim was made that there was any leakage of gas from pipes or fixtures. The complaint was that the injury was due to imperfect combustion of the gas and air when ignited for the purpose of heating. There was evidence that the combustion was controlled through a shutter held in place by a screw which must be adjusted by a screwdriver; that the plaintiff and her servants did not touch the screw after the appliance was set up; that they were given no instructions in regard to this screw, and that after it had been readjusted by a servant of the defendant sent to remedy improper combustion resulting in the escape of harmful fumes, no further injury occurred.

This was sufficient evidence to justify the trial judge's finding of negligence on the part of the defendant in the installation, and of freedom from contributory negligence on the part of the plaintiff.

It could well be found that there was negligence in failing to make proper adjustment of the screw on setting up the heater.

There was more here than a mere sale of a heater—even of a second hand heater. There was an undertaking to install. Cases like *Pitman* v. *Lynn Gas & Electric Co.* 241 Mass. 322,

do not apply.    The case falls within the principle of *Barabe* v. *Duhrkop Oven Co.* 231 Mass. 466.

The judge, on the evidence, was not bound to find as matter of law that the plaintiff assumed the risk of injury by using the heater when the flame gave off colors which she had been told indicated imperfect and poisonous mixture, where he could also find that the flame had never shown the color indicating safe combustion until after the readjustment by the defendant's servant which put an end to the trouble.

There was no error in the manner in which the requests of the parties were dealt with.

The order of the Appellate Division dismissing the report from the District Court of Central Berkshire is affirmed, and judgment is to enter on the finding of the District Court.

*So ordered.*