ALMA GIBERTI *vs.* JAMES BARRETT MANUFACTURING COMPANY.

Suffolk.   November 8, 1928. — January 29, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Actionable Tort. Negligence,* Of vendor. *Evidence,* Competency, Relevancy and materiality.

A wholesale dealer in plumbing supplies purchased from a manufacturer a copper hot water tank in common use and having a soldered bottom without rivets; and, without making an examination thereof, sold it to the owner of a house with other articles which the dealer suggested would be needed in the house. The tank was installed by workmen employed by the owner of the house. At the trial of an action of tort against the dealer by a minor child of a tenant in the building for

personal injuries resulting from an explosion of the tank, a witness testified that such a boiler, used as it was in the house with direct pressure from the water mains and gas heat, was not safe. The trial judge ordered a verdict for the defendant. *Held*, that

(1) Further testimony by the witness that, by means of papers, addresses and efforts to secure legislation, he had urged upon the plumbing trade, the Legislature, officials dealing with the regulation of such matters, and the public that such tanks were unsafe, properly was excluded; such testimony did not show that dealers generally believed that such tanks were unsafe, or that there was a common knowledge of that fact in the trade;

(2) The tank could not be said to be an article inherently dangerous to life or property, and, there being no contractual relation between the plaintiff and the defendant, the defendant was not liable to the plaintiff;

(3) The verdict properly was ordered for the defendant.

TORT. Writ dated May 23, 1925.

Material evidence at the trial in the Superior Court before *Whiting*, J., is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*D. H. Fulton*, for the plaintiff.

*J. H. Duffy*, for the defendant.

WAIT, J. The plaintiff, a minor child of a tenant in premises owned by one Andreottola, brings action against the defendant, a jobber in plumbers' supplies, for injuries caused by the explosion of a kitchen boiler, or hot water tank, sold by the defendant to Andreottola and installed in the premises by plumbers employed by Andreottola. The case is before us upon exceptions taken by the plaintiff to an order directing a verdict for the defendant, and to a ruling excluding certain evidence.

The jury could have found that a servant of the defendant called upon Andreottola at the building then in process of erection and obtained orders for the materials to be used in supplying hot water. He was authorized to take orders for all kinds of appliances to be used in connection therewith, but was not a plumber, nor a contractor for the erection of any particular system of hot water supply. Andreottola assented to the purchase of such articles as the defendant's servant suggested would be needed. Among other things, he ordered two twenty-five gallon copper hot water tanks

or boilers for the kitchens. He did not indicate the kind of tank he wished. The defendant filled the order by sending two tanks of a kind in common use, made by a reputable manufacturer, which it purchased from the manufacturer in crates and delivered on Andreottola's premises without making any examination of them and without considering whether they were likely to be dangerous in consequence of the method of their construction. Like the greater number of boilers then on the market, they were built without riveting at the bottom and with the sheet metal there held together by solder. An expert testified that they could be used safely with the method of heating by coal with water supplied to the boiler through a tank, but that with direct pressure from the street water mains and heating by gas stoves (the method adopted for Andreottola's houses) they were not safe unless furnished with safety appliances in the piping which were not suggested nor supplied by the defendant to Andreottola. He testified that explosions had occurred and that for several years before this sale he had been studying and experimenting with boilers of this type and had made known his results to the trade. Against the plaintiff's exception, the judge excluded evidence to show what he had done in urging upon the trade, the Legislature, officials dealing with regulation of such matters, plumbers' associations and the public that the unriveted soldered-bottom boilers were dangerous, for reasons which he had pointed out in papers, addresses, and efforts to secure legislative action. He testified that the causes of the explosion which injured the plaintiff were those which he had pointed out.

The defendant denied that it had knowledge of the expert's efforts; or knowledge that, owing to changing conditions, the unriveted boiler in common use had become a source of danger. It paid no attention to such matters, but took the "say-so" of the manufacturers with regard to the capacity, use and strength of the tank.

There was no error in the exclusion of the testimony offered. It proved merely the belief of the witness, and his effort to induce others to believe, as he did, that a hot water tank was unsafe if constructed as these were. It had no

tendency to show the common knowledge in the boiler trade, or that dealers generally believed such construction was not safe. Unless the defendant knew, or ought to have known, that boilers with bottoms soldered but not riveted together were unsafe, it could not be found to be negligent in supplying them.

We find nothing in the case to take it out of the general rule that a seller takes upon himself no duty or obligation other than that which results from his contract. *Davidson* v. *Nichols,* 11 Allen, 514, 518. *Pitman* v. *Lynn Gas & Electric Co.* 241 Mass. 322, and cases cited. In *Barabe* v. *Duhrkop Oven Co.* 231 Mass. 466, and *Kelly* v. *Pittsfield Coal Gas Co.* 257 Mass. 441, cited by the plaintiff, there was either a direct privity of contract between the parties, or, in the instance of one of the plaintiffs in the former case, an ordinary liability in tort. Here the plaintiff is the child of a tenant of the purchaser, in no contractual relation to the seller. It cannot be said that a kitchen hot water tank is an article recognized as inherently dangerous to life or property. See *Thornhill* v. *Carpenter-Morton Co.* 220 Mass. 593.

There was not enough to entitle the plaintiff to go to the jury. The case falls within the principles illustrated by *Christensen* v. *Bremer,* 263 Mass. 129; *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341; *Pitman* v. *Lynn Gas & Electric Co., supra; Tompkins* v. *Quaker Oats Co.* 239 Mass. 147; *Barrango* v. *Hinckley Rendering Co.* 230 Mass. 93; *Burnham* v. *Lincoln,* 225 Mass. 408.

*Exceptions overruled.*

MEMORANDUM.

On the thirtieth day of January, 1929, the Honorable FRED TARBELL FIELD was appointed a Justice of this Court. He first sat with this Court at the sitting in Boston for the Commonwealth on the fourth day of February, 1929.