Carr, J.
There are two reports before us. The first alleges that the plaintiff is aggrieved by the sustaining of the defendant’s demurrer to its declaration; the second, that it is aggrieved by the refusal of its motion to amend its declaration after the demurrer was sustained.
We deal with the two questions in the order named.
The plaintiff in its declaration seeks to recover counsel fees incurred in defending an action of tort brought against it by one Catalano in these circumstances. The defendant, a manufacturer, sold the article to Breck & Sons Corporation which sold it to the plaintiff which sold it to Catalano who applied it to his tomato and cucumber plants after using bordeaux mixture and thereby ruined the plants.
The defendant demurred to the declaration. The action of the trial judge in sustaining the demurrer is before us. The demurrer was rightly sustained because (1) the declaration shows no legal wrong done by the defendant either to Catalano or to the plaintiff. (2) Because of this and other reasons set forth plaintiff has not stated a case where counsel fees may be recovered.
The well established rule is that the manufacturer of an article, while he may be liable in contract or tort to the person with whom he has contractual relations as to the article, is not liable to third persons with whom he has no privity except in certain limited situations. Davidson v. Nichols, 11 Allen 514, 518; Pitman v. Lyrm Gas & El. Co., 241 Mass. 322, 323.
*271 For negligence in the manufacture and sale of an ordinary article, in the absence of active misrepresentation, which continues into the hands of the injured party he is not liable to a third party. Lebourdais v. Vitrified Wheel Co., 194 Mass. 341; Windram Mfgr. Co. v. Boston Blacking Co., 239 Mass. 123; Tompkins v. Quaker Oats Co., 239 Mass. 147; Christensen v. Bremer, 263 Mass. 129; Kusick v. Thorndike & Hix Inc., 224 Mass. 413; Gilberti v. Barrett Mfgr. Co., 266 Mass. 70; Bedrrange v. Hinckley Rendering Co., 230 Mass. 93.
Mere withholding of information as to an ordinary article does not make him liable to such third party. Windram Mfgr. Co. v. Boston Blacking Co., 239 Mass. 123,126.
The manufacturer may be liable to a third party in an action for deceit where he makes a misrepresentation as to an article which representation is known to and relied upon by the third party, i. e. where the representation is “continuous” if the necessary elements of an action of deceit are found. Roberts v. Anheuser Busch Brewing Assoc., 211 Mass.; cf. Newhall v. Ward Baking Co., 240 Mass. 434.
The manufacturer may be liable for personal injury to a third person in connection- with the manufacture and sale of two classes of articles — (a) Food for human consumption. (b) Substances inherently dangerous to human life or health, — such as drugs and explosives.
In the last two classes the liability may be for negligence in the manufacture, for failure to give notice of the inherently dangerous nature of the substance or for misbranding or misrepresentation as to the substance. Richenbacher v. California Packing Corp., 250 Mass. 198; Tonsman v. Greenglass, 248 Mass. 275; Farley v. Edward E. Town Co., 271 Mass. 230; Norton v. Sewall, 106 Mass. 143; Pitman v. Lynn Gas & Elec. Co., 241 Mass. 322; Guinan v. *272 Famous Players-Lasky Gory., 267 Mass. 501, 511, 514; Thornhill v. Carpenter-Morton Co., 220 Mass. 593.
There is no duty to warn unless the person on whom the duty would be cast has some reason to suppose that warning is needed; a fortiori there is no duty to warn where no warning is needed. Cadagan v. Boston Consolidated Gas Co., 290 Mass. 496, 499. Gallo v. Leahy, 1937 A. S. 675, 678.
No Massachusetts decision has been shown to us, and we have found no such decision, where in the absence of active and continuous misrepresentation a manufacturer has been held liable, in connection with food or articles inherently dangerous to human life or health, for injury to the property of third persons, much less where the article is only inherently dangerous to animal or plant life.
Cases where the manufacturer is in privity with the person whose property is injured or where he commits a tort directly against a third person are numerous and have no immediate bearing on the questions before us. cf. Barabe v. Duhrkop Oven Co., 231 Mass. 466; cf. Kelly v. Pittsfield Coal Gas Co., 257 Mass. 441; as to which see . . . Gilberti v. Barrett Mfgr. Co., 266 Mass. 70, 73. cf. Boston & Albany R. R. Co. v. Shanly and Carney v. Same, 107 Mass. 568, where the injury was direct or while an agency for the manufacturer continued, cf. Leavitt v. Fiberloid Co., 196 Mass. 440.
If for the purpose of this discussion we assume that a manufacturer of an article inherently dangerous to animal or plant life is liable for injury to property of a party against whom he commits no direct tort and with whom he has no privity, (under the same conditions as he would be liable for personal injuries in connection with substances inherently dangerous to human life or health) the declaration sets forth no cause of action within the principles laid down.
*273 Stripped of its verbiage the complaint in the declaration (as to the sale of the Cyanogas) is as follows: that the defendant was the manufacturer of Cyanogas; that it is inherently dangerous both to animal and plant life; that the plaintiff bought it of Breck' & Sons; that plaintiff sold it to Catalano who told plaintiff he was buying it to fumigate tomato and cucumber crop; that both defendant and Breck knew plaintiff would sell it for said purpose and knew or ought to know that Catalano might or would use it after the application of bordeaux mixture and that such use would be fatal to the crop; that both defendant and Breck & Sons sold it without any warning on the can or in the instruction leaflet inside the can, relating to the danger of use of Cyanogas after bordeaux mixture; that the plaintiff so used the Cyanogas and his crop was ruined.
It is at once strikingly obvious that the lack of notice is limited (1) to failure to give it in two specific ways (a) on the can and (b) in a leaflet in the can and (2) to the effect of its use after bordeaux mixture only. There is no allegation as to what notice if any was given. There is no statement as to the purpose for which Cyanogas is made nor as to any statement of its purpose accompanying the article. There is no allegation as to what if anything was stated on the can or on the leaflet in the can. For that matter, the warning may have been on the carton or wrapper containing the can or otherwise. So far as appears, on can and leaflet and otherwise the formula of Cyanogas may have been given and it may have been stated that ■Cyanogas was inherently dangerous to plant and animal life and to be used only- for the purpose of killing, for example the extermination of weeds and destruction of moles. It seems obvious that failure to state on the can or in the leaflet the danger of using Cyanogas after bordeaux is not negligent if adequate notice was otherwise *274 given nor in failure to mention bordeaux particularly if the general subject was covered.
That a substance is dangerous to animal and plant life does not imply that it cannot be administered to both in proper quantities, any more than the fact that a drug is dangerous to human life means that in proper doses it cannot be when used as medicine. So far as appears complete directions for its application may have been given otherwise than to specify in the places named its use after bordeaux mixture. In fact it is not alleged that any damage resulted from the inherently dangerous quality of Cyanogas but only from its use after bordeaux mixture. There is no allegation of misrepresentation or deceit and consequently the only charge left would be failure to give notice of a use in combination which does not raise liability. The defendant did not owe such duty to the plaintiff, even if it knew the use to which the Cyanogas was to be put. Windram Mfgr. Co. v. Boston Blacking Co., 239 Mass. 123; Christensen v. Bremer, 263 Mass. 129.
Furthermore, there is no allegation that the plaintiff did not know the nature of Cyanogas nor its destructive effect if used after bordeaux mixture. There is no such allegation as to Catalano. The duty to warn is commensurate with the need of warning. In view of what has already been said, there is no allegation to show that the defendant had any reason to suppose that warning was necessary or that such warning was needed. In such situation there is no duty to warn.
The last paragraph of each count of the plaintiff’s declaration beginning, “wherefore the plaintiff says” we take to be a summing up of what has gone before and not the statement of a new cause of action, cf. Paige v. Barrett, 151 Mass. 67. Rather, it contains a conclusion of law not admitted by demurrer. Jones v. Dow, 137 Mass. *275 119; Frisbee v. Prussian National Ins. Co., 223 Mass. 159, 161. If, however, it properly alleges a new substantive fact, namely the sale of Cyanogas “without any warning of its destructive nature, after the use of a bordeaux mixture”, as already pointed out it does not succeed in stating a case.
Referring more particularly to the right of the plaintiff to recover counsel fees, in addition to what has been said, it should be pointed out that no allegation sets forth what deal the plaintiff made with Catalano. We have pointed out that lack of knowledge of the qualities of Cyanogas is not alleged. It is not alleged that the plaintiff by his own negligence did not bring on that action by Catalano; or that having full knowledge plaintiff did not so inform Catalano that the latter’s action was entirely without merit and consequently one of the misfortunes likely to befall any person.
Normally, in an action between parties, the counsel fees allowed by statute are held to be complete and adequate compensation. It is unnecessary to discuss the subject in detail as this Division has recently reviewed the subject in Wilcox v. Rosenfield, No. 92736, Municipal Court, City of Boston (30 App. Div. 385).
Reference may, however, be made moré particularly to the case of Westfield v. Mayo, 122 Mass. 100, from which it appears that in a case where a party to a prior action might recover counsel fees of another, he must have defended solely and exclusively the act of such other party and not have been compelled to defend misfeasance of his own. On this subject the plaintiff’s declaration is silent.
Coming to the question of the denial of the motion to amend there is nothing to show error. The report states that counsel for the plaintiff argued that the amendment proposed contained material and substantial changes and *276 that counsel for the defendant argued that this was not so. The judge denied the motion but stated no reason. He may have been of our opinion as may appear from what has already been said and felt that the proposed declaration did not set forth a cause of action for counsel fees. He may have exercised his discretion in denying the motion thinking perhaps that a paper case better yet could be made out. He might have thought that notwithstanding the alleged misrepresentations there was nothing to show that Catalano needed warning in view of the other alleged directions. He might have felt that the allegation that with the warning about bordeaux mixture no reasonable person in Catalano’s position would have brought suit, and it would have been more complete with an allegation that Catalano was a reasonable person. He may have been informed of the facts which enabled the plaintiff to defend the action of Catalano in the Cambridge Court and thought that the whole truth should be set forth; — a wise position to take in our opinion.
Ordinarily the allowance of an amendment is a matter of discretion. Norton v. Lilley, 214 Mass. 239.
In Beaudry v. Hamel Shoe Machinery Co., 235 Mass. 503, 509, it is recognized that this is so even after demurrer where the court said, “The trial judge denied the motion, not in the exercise of his general discretion, but on the specific grounds” which were stated in the opinion.
Whatever may be the “proper practice” in equity as to amendments after demurrer, Corbett v. Gallagher, 225 Mass. 480, 482, the judge hearing the motion is not a rubber stamp, Reno v. Cotter, 236 Mass. 536, 563, and must pass upon it. Mass. Gasoline &c. Co. v. Go-Gas Co., 267 Mass. 122, 126. It must not be forgotten that review on appeal in equity is a different matter from review at law. Berman v. Coakley, 257 Mass. 159, 162.
*277 The burden is on the party claiming error to show that he is aggrieved by error of law. The plaintiff here has not by any appropriate request for ruling brought a question of law before us. There is nothing for us to review. Such a report raises only the question of power, and power to allow imports power to deny. If the argument rests on alleged abuse of judicial discretion in dealing with the motion, it suffices to say that, error of law is not an abuse of discretion. Levine v. Cohen. 235 Mass. 446; Reid v. Doherty, 273 Mass. 388.
Reports dismissed.