Carr, J.
We have reviewed generally the law involved in these reports in the ease of Frost Insecticide Company v. American Cyanamid & Chemical Corporation, 1938 A. D. R. 269. The defendant in that action was the manufacturer who sold the “Cyanogas” to this defendant Joseph Breck & Sons, Corporation, the dealer, who sold it to the plaintiff who sold it to Catalano.
*278 The pending action relates to the same sale and similarly seeks to recover counsel fees incurred in defending the notion brought by Catalano, but the sequence of events has been shortened. The plaintiff has passed the manufacturer by and sued the dealer.
In the first case we discussed the liability of the manufacturer to third persons.
The liability of the dealer in situations applicable to him is similar.
The dealer, however, may not be liable for some acts of the manufacturer for which the latter would be responsible. If the dealer buys of a reputable manufacturer, he may not be responsible even to his immediate vendee for acts wrongful as to the manufacturer, if he has no knowledge, and no reason to have knowledge, of them. On the other hand, of course, the dealer by his own wrongful acts may create an independent liability of his own. Barrango v. Hinckley Rendering Co., 230 Mass. 93; Pitman v. Lynn Gas & Elec. Co., 241 Mass. 322; Giberti v. Barrett Mfgr. Co., 266 Mass. 70.
In the Pitman case, p. 324, it is said, “The defendant having purchased the appliance in the open market was not liable in tort even to its own customer, in the absence of negligence”. This statement has no meaning unless the last phrase is read “in the absence of negligence of his own, independent of that of the manufacturer”. Many loose statements occur in opinions relating to this type of liability. In the Barrango case, p. 94, appears this statement: “It is settled that, in the absence of negligence, a retail dealer in selling a commodity not inherently harmful or dangerous is not liable in tort for its defective condition which causes injury to another”. Not to mention other questionable parts of this statement, it might seem to indicate that one dealing with a commodity inherently harm *279 fui or dangerous (to human life or health) was an insurer; —which is not the law. (See our opinion in Frost Insecticide Company v. American Cyanamid & Chemical Corporation, 1938 A. D. R. 269.)
It is needless to pursue the general subject further.
The first question raised by this appeal is whether the demurrer to the plaintiff’s original declaration was rightly sustained. Except that this declaration omits the manufacturer and declares against the dealer, it is, with a few unimportant differences in phrasing, exactly the same as that in the first case discussed. For the reasons set forth in the opinion in the first case, this declaration fails to state a cause of action.
The second question relates to the refusal to allow the motion to amend the original declaration.
It may be noted that in this case Catalano the ultimate vendee was a third party with whom the defendant had no privity of contract. Between the plaintiff and the defendant there was privity. Because of this latter relationship' we add the following, although in view of the conclusion we reach it may be unnecessary.
In the proposed declaration which the plaintiff sought by amendment to substitute for the original, there is an allegation of misrepresentation as to the statements contained in the instructions inside the can of “Cyanogas” and an allegation of negligence in not substituting a revised leaflet containing instructions relating specifically to the use of “Cyanogas” after bordeaux mixture.
As to this representation it should be pointed out that the plaintiff’s action is not for deceit and does not contain the necessary allegations for an action of deceit, cf. Tompkins v. Quaker Oats Co., 239 Mass. 147, 150; cf. Newhall v. Ward Baking Company, 240 Mass. 434, 437.
*280 The declaration sounds in tort for negligence. It shows no damage resulting from the misrepresentation or from the alleged negligent failure to substitute the new leaflet for the old. A demurrer admits a proper case, however built up it may be, but like the original declaration the proposed amendment studiously avoids alleging that either the plaintiff or Catalano required warning as to the nature of “Cyanogas”. The law does not concern itself with negligence in the abstract. Negligence without injury is not the basis of recovery. Sullivan v. O. C. St. Ry. Co., 200 Mass. 303, 307, 308; Wells v. Poland, 1935 A. S. 2515.
We are of the opinion for the same reasons set forth in the opinion in the first case that, as to the motion to amend, there is nothing for us to review.
Reports dismissed.