EMIL LEBOURDAIS *vs.* VITRIFIED WHEEL COMPANY.

Middlesex.    November 23, 1906. — February 28, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence. Dangerous Article. Emery Wheel.*

A workman in a factory who is injured by the bursting of a defective emery wheel bought by his employer in the open market cannot recover from the manufacturer of the wheel unless he shows that the manufacturer knew of the defect in the wheel when he sold it. It is not enough for him to show that the manufacturer sold the wheel in the open market without exercising reasonable diligence to discover whether it was defective.

Tort by a workman in a factory for personal injuries caused by the bursting of a defective emery wheel manufactured and sold in the open market by the defendant and purchased by the plaintiff's employer. Writ dated May 9, 1905.

The declaration as amended was as follows:

"And the plaintiff says that the defendant is a corporation conducting the business of manufacturing and selling emery wheels; that on or about Thursday, February 24, 1905, the plaintiff, while working for the Merrimack Manufacturing Company, at Lowell, Massachusetts, and being entirely in the exercise of due care in the premises, was severely injured through the bursting or breaking of an emery wheel, bought in the open market by said Merrimack Manufacturing Company, which emery wheel had been manufactured and sold by the said defendant, and sent into the open market, to be used for the purpose for which, and in the manner in which, said emery wheel was being used at the time of said injury; that said emery wheel broke or burst, owing to a defect of structure or condition due to the negligence of the defendant, its servants or agents, which defect rendered it an article dangerous to use; that the condition of said article was known to the defendant, or could by reasonable diligence have been discovered by the defendant; that it was the duty of the defendant to so construct or manufacture the emery wheels which it sold or sent forth to be placed upon the open market, that no injuries due to such a defect therein might be suffered by the users thereof; that said accident was due to the fact that the defendant was wholly regardless of said duty, and negligent in placing such an article on the open market; that the plaintiff received severe and permanent bodily injuries and mental impairment, and suffered great pain and anguish of body and mind; that he has been put to great expense for medical attendance and nursing, and has been for a long time incapable of attending to any work or business; that he has been rendered incapable of earning his living, all to his great damage."

The defendant demurred to the declaration as amended. The Superior Court sustained the demurrer and gave judgment for the defendant. The plaintiff appealed.

*C. J. Martell*, for the plaintiff.

*W. C. Cogswell*, for the defendant.

BRALEY, J.    The manufacturer of an article of merchandise which he puts upon the market ordinarily is not responsible in damages to those who may receive injuries caused by its defective construction, but to whom he sustains no contractual relations, although by the exercise of reasonable diligence he should have known of the defect.    If such an extended liability attached where no privity of contract exists it would include all persons however remote who had been damaged either in person or property by his carelessness, and manufacturers as a class would be exposed to such far reaching consequences as to seriously embarrass the general prosecution of mercantile business.    In the usual course of trade upon making a sale, as the article passes from the ownership and control of the maker, it is held that when these cease his liability also should be considered as ended.    *Davidson* v. *Nichols*, 11 Allen, 514.    *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47, 48.    *Glynn* v. *Central Railroad*, 175 Mass. 510, 512.    But where by reason of its nature the article sold is commonly recognized as intrinsically dangerous to life or property, among which gunpowder, nitroglycerine and other highly explosive compounds, naphtha and poisonous drugs are some familiar examples, if the seller without notice of their dangerous or noxious qualities delivers them to a customer or to a carrier who is ignorant of these properties, he is liable not only to him, but to others to whom while in the exercise of reasonable care they are the proximate cause of injury.    *Davidson* v. *Nichols*, 11 Allen, 514.    *Carter* v. *Towne*, 98 Mass. 567.    *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64.    *Norton* v. *Sewall*, 106 Mass. 143.    *Boston & Albany Railroad* v. *Shanly*, 107 Mass. 568.    *Turner* v. *Page*, 186 Mass. 600.    *Oulighan* v. *Butler*, 189 Mass. 287, 292.    *Flynn* v. *Butler*, 189 Mass. 377, 388.    *Thomas* v. *Winchester*, 2 Seld. 397.    A similar liability exists where a caterer furnishes impure and unwholesome food by which the guests of his customer are made sick, or where a manufacturer or vendor knowingly sells for general use, without disclosing the existence of the defect, a machine, mechanical instrumentality or other article, which because of its defective construction or condition when put out causes injury.    *Bishop* v. *Weber*, 139 Mass. 411, 417.    *McDonald* v. *Snelling*, 14 Allen, 290.    *Flynn* v. *Butler*, 189 Mass. 377.    *Lewis* v. *Terry*, 111 Cal. 39.    *Huset* v. *Case Threshing*

*Machine Co.* 120 Fed. Rep. 865. *Clarke* v. *Army & Navy Cooperative Society*, [1903] 1 K. B. 155, 167. In all of these various transactions his liability does not rest on privity of contract, but the act itself is deemed not only a legal wrong, but may be said to be in violation of the duty he owed to those with whom he dealt, as well as of the implied duty which he owes to the community to refrain from the commission of acts of negligence whereby injury follows to its members in person or property. If damages are suffered he is responsible because they are such as reasonably should have been foreseen, though the exact way in which the accident is precipitated may be determined by a foreign cause. *McDonald* v. *Snelling, ubi supra. Flynn* v. *Butler, ubi supra. Huset* v. *Case Threshing Machine Co., ubi supra. Lane* v. *Cox*, [1897] 1 Q. B. 415, 417. It is within the last exception, if the plaintiff has a right of action against this defendant, that it must be found.

The material averments of the declaration, which upon demurrer must be taken as true, are, that while the plaintiff in the exercise of ordinary care was using an emery wheel, it burst because of its defective condition, seriously injuring him, and that, when the defendant sold this wheel, not only its defective and unsafe condition was known, or by reasonable diligence could have been discovered, but its use also was known for the purpose and in the manner employed at the time of the accident. But these allegations are insufficient, for they simply set forth as the proximate cause of the injury the negligence of the defendant, or its servants or agents, in not exercising reasonable care to ascertain the condition of the wheel before putting it on the market. *Wellington* v. *Downer Kerosene Oil Co., ubi supra.*

*Judgment affirmed.*