MARGARET SHEEHAN, administratrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.    January 11, 1915. — February 24, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* Street railway, *Res ipsa loquitur.*

It has been settled by previous decisions of this court that the mere unexplained
starting of an electric street railway car is not in itself evidence of negligence
on the part of the corporation operating the railway.

In an action by an administrator against a street railway company for causing
the death of the plaintiff's intestate, who was a conductor in the employ of the
defendant and was standing on the track back of his own car when he was crushed
against it by another car of the defendant that started up behind him, where
the plaintiff contended that the car which ran against his intestate started
automatically and that it might be inferred from this that the air brake was
in a defective condition, it appeared that the accident happened on the second
trip on that morning of the car that ran against the intestate, and the motorman
and the conductor of that car both testified that up to the time of the accident
they had noticed nothing out of the way about the car, and there was no
evidence of any examination made or of any defect found after the accident.
The plaintiff's expert, who described the mechanism of the air brake, testified
that, "assuming that valve was in bang-up condition, it is possible that it
could start to leak quickly and in such a condition it is possible for it to start
all inside of an instant." *Held,* that, assuming in favor of the plaintiff that
the jury could find that the car started automatically and that it might be
inferred therefrom that the air brake was in a defective condition when the
intestate was injured, there was no evidence that the defendant knew or ought
to have known of such defective condition before the accident occurred.

DE COURCY, J.    The plaintiff's intestate, Patrick McGann,
was in the employ of the defendant company as the conductor
on a car running through the East Boston tunnel.    At the Boston
terminus there is a single track, called a "dead end."    On the
morning of the accident the intestate's car was the last of three
to come into this terminus, and necessarily would be the first
to go out; and it was the duty of the motorman and conductor to
change ends for the return trip.    While McGann was adjusting
the fender on the rear end of his car as reversed, the car behind
him moved ahead and crushed him against his own car.    At the
trial the plaintiff waived all counts under the employers' liability
act and relied on the common law counts for conscious suffering.

The negligence declared on was the alleged failure of the defendant to furnish and keep in repair safe and suitable appliances or mechanism for stopping and holding the car which ran into the intestate. A verdict for the defendant was ordered in the Superior Court.

The plaintiff asks us to extend to this case the rule applied in *Chiuccariello* v. *Campbell,* 210 Mass. 532, to wit, that from the unexplained starting of a machine in a factory, under circumstances when it ought not to have started at all, the jury could infer not only that there was a defect of some kind in the machine, but that it was due to negligence on the part of the employer. Even if this question arose now for the first time, we should hesitate to say that an electric car, operated on the highways in all kinds of weather, with frequent changes in the persons handling its mechanism, and driven by a force not yet fully understood, is in the same class with a machine in a factory, under the immediate control and constant supervision of the employer. In substance the plaintiff's contention is that a jury might find that an electric car "does not ordinarily start automatically without some negligence of omission or commission on the part of the employer, and that the existence of such negligence is the rational explanation of the starting." *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188, 193. But this question is no longer an open one. It has been held by this court in several cases similar to the one at bar that the mere unexplained starting of a car is not of itself sufficient to show negligence on the part of the employer. *Kenneson* v. *West End Street Railway,* 168 Mass. 1. *Curtin* v. *Boston Elevated Railway,* 194 Mass. 260. *Horne* v. *Boston Elevated Railway,* 206 Mass. 231. *Ridge* v. *Boston Elevated Railway,* 213 Mass. 460.

Assuming in favor of the plaintiff that the jury could find that the car started automatically, and that it might be inferred therefrom that the air brake was in a defective condition at the time, there was no evidence that the defendant knew or ought to have known of such defective condition before the plaintiff's intestate was injured. The car which ran into McGann was on its second trip that morning into the tunnel; and both the motorman and conductor testified that up to the time of the accident they noticed nothing out of the way about the car. There was no

evidence of any examination made and defect found after the accident. The plaintiff's expert described the mechanism of the air brakes, and testified that "there is apt to be a little grit get in there or a crack made in the disc which will allow the air to escape and this happens very frequently." But he added: "It might happen on a trip after looking it over say this morning or we will say in twenty-four hours." And in cross-examination he said, "that leak might come on inside of a trip or a half trip," and that "assuming that valve was in bang-up condition, it is possible that it could start to leak quickly and in such a condition it is possible for it to start all inside of an instant." He added that "a man who was operating a car and using the brakes would be the first of all others to realize that that brake wasn't working." The testimony of the conductor that the car slid twice on the return to the barn after the accident and when the motorman was very nervous, is immaterial in view of his further testimony that he did not notice anything in particular about the car before the accident.

As there was no evidence that the defendant was negligent in failing to discover and remedy the defect, assuming that there was one, it was entitled to have a verdict entered in its favor. *Curtin* v. *Boston Elevated Railway,* 194 Mass. 260. *Hill* v. *Iver Johnson Sporting Goods Co.* 188 Mass. 75. *Toland* v. *Paine Furniture Co.* 175 Mass. 476.

*Exceptions overruled.*

`W. H. Hitchcock,` (*J. J. O'Hare* with him,) for the plaintiff.
*E. P. Saltonstall,* (*C. W. Blood* with him,) for the defendant.