HAROLD R. KUSICK *vs.* THORNDIKE AND HIX, INCORPORATED.

Middlesex.    March 15, 1916. — June 20, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* Dangerous substance, *Res ipsa loquitur. Lime.*

A canner who buys lime from a manufacturer of that substance, packs it in cans and sells the cans of lime to retail dealers, is not liable for an injury caused by the explosion of one of the cans of lime, when it was being opened by a customer who had purchased it from a retail dealer, in the absence of evidence that lime is a dangerous substance or that the canner of the lime was negligent as to the manner of packing or sealing it in the can, and also in the absence of evidence that, if there was anything defective or dangerous in the composition of the lime, the canner had any reason to know of it.

The fact that a person was injured by the explosion of a can of lime when it was being opened is not in itself evidence that the canner who packed the lime in the can and put it on the market did so negligently.

CROSBY, J. This is an action of tort to recover for personal injuries alleged to have been received by the plaintiff by reason of the explosion of a can of lime. There was evidence that the plaintiff was employed in a bowling alley in which one Hansis was employed as manager; that Hansis sent the plaintiff to the Central Square Hardware Company in Cambridge to buy a can of lime to be used in whitewashing some ceilings; that, after he had returned and Hansis was opening the can with a pocket knife, the lime exploded causing the injuries for which this action is brought.

There was also evidence from which it could have been found that the lime was manufactured by the Rockland Lime Company

and was sold by that company to the defendant, who packed it in a can and afterwards sold it to the Central Square Hardware Company.

In an action of this kind, it is well settled that it is necessary to aver and prove negligence in the defendant. *Crocker* v. *Baltimore Dairy Lunch Co.* 214 Mass. 177. No negligence of the defendant in this case is shown unless the fact of the explosion be evidence of such negligence. No evidence was offered by the plaintiff to show that lime is an inherently dangerous article. On the other hand, the defendant offered evidence to the effect that it would be impossible for lime in cans, such as was put up by the defendant, to explode. While this evidence might have been disbelieved, still there was an entire absence of affirmative proof that the lime was dangerous in any degree. The distinction between the sale, without notice of its qualities, of an article commonly recognized as inherently dangerous to life or property, and the sale of ordinary merchandise and property, is well recognized. *Davidson* v. *Nichols*, 11 Allen, 514. *Boston & Albany Railroad* v. *Shanly*, 107 Mass. 568. *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341. The defendant was not the manufacturer of the lime but purchased it from the Rockland Lime Company. If there was anything defective or dangerous in its composition, there was no evidence to show how it came there or what it was. In the sale of such an article, in the absence of evidence that it is intrinsically dangerous, the seller cannot be charged with negligence unless it be shown that he knew or ought to have known of its unsafe and harmful qualities. *Lebourdais* v. *Vitrified Wheel Co., supra. Thornhill* v. *Carpenter-Morton Co.* 220 Mass. 593.

In the absence of evidence of any false representations made by the defendant, the decision in *Roberts* v. *Anheuser Busch Brewing Association*, 211 Mass. 449, is not applicable. See also *Wilson* v. *J. G. & B. S. Ferguson Co.* 214 Mass. 265.

This is not a case where the doctrine of *res ipsa loquitur* can be held to apply; while the cause of the explosion is unknown and unexplained, it could not be found that according to common experience it would not have happened without fault on the part of the defendant. There is no evidence whatever of any breach of duty on the part of the defendant. Although the explosion may be evidence of a defect of some kind, yet the cause is wholly con-

jectural, and there is nothing to show that it resulted from the fault of the defendant. As the defendant did not manufacture the lime, and as it does not appear that it knew or had any means of ascertaining whether it contained any substance of an explosive nature and not commonly present in lime, it cannot be charged with negligence because of the explosion. *Curtin* v. *Boston Elevated Railway,* 194 Mass. 260. *Chiuccariello* v. *Campbell,* 210 Mass. 532. *Carney* v. *Boston Elevated Railway,* 212 Mass. 179. *Conley* v. *United Drug Co.* 218 Mass. 238. *Sheehan* v. *Boston Elevated Railway,* 220 Mass. 210.

It follows that the ruling of the judge of the Superior Court * that the plaintiff was not entitled to recover was right, and in accordance with the terms of the report, the entry must be

*Judgment for the defendant on the verdict.*

*W. H. Smart & T. F. Burns,* for the plaintiff, submitted a brief.
*C. A. Parker,* for the defendant.