HELEN L. BURNHAM *vs.* W. IRVING LINCOLN & another.

Norfolk.   November 13, 1916. — January 3, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Actionable Tort.   Negligence,* Explosion.   *Explosion.*

In an action by a domestic servant against the owner of a carboy for personal injuries caused by the explosion of the carboy when the plaintiff was pouring spring water from it into a pitcher, it appeared that the defendant carried on the business of bottling and selling spring water, that he did not make carboys but bought them, as he did this carboy, from a reputable dealer, and that he had lent this carboy to the plaintiff's employer until its contents should be used. He testified that it was his custom to examine the carboys when washing and refilling them, that so far as he knew this carboy was not defective when delivered to the plaintiff's employer and that he "never had anything like this happen before." An expert witness testified that the explosion was due to the contraction of the glass caused by contact with water of somewhat higher temperature and that this was "the first time he had ever heard of anything happening just like this." All the evidence tended to show that such an occurrence was theretofore unheard of. *Held,* that it could not be said that the defendant by the exercise of reasonable care would have foreseen that such an unprecedented occurrence was likely to happen, that there was no evidence of any failure of duty on his part toward the plaintiff and that a verdict must be ordered for the defendant.

CONTRACT OR TORT, against copartners engaged in the business of bottling and selling spring water, for personal injuries sustained by the plaintiff on July 1, 1912, by reason of the explosion of a five gallon glass carboy belonging to the defendants and containing spring water.   Writ dated November 14, 1912.

In the Superior Court the case was tried before *Keating,* J. The evidence is described in the opinion. At the close of the evidence, the judge ordered the jury to return a verdict for the defendants, and reported the case for determination by this court, with a stipulation of the parties that, if this ruling was correct, judgment should be entered for the defendants; but that, if this ruling was wrong and the case should have been submitted

to the jury, judgment should be entered for the plaintiff in the sum of $650.

The case was submitted on briefs.

*H. N. Berry & C. C. Bucknam,* for the plaintiff.

*A. P. Worthen,* for the defendants.

DE COURCY, J.  On the plaintiff's testimony, while she was employed as a nurse in the family of one Morse and was pouring spring water from a carboy into a pitcher, there was a loud noise like an explosion, the whole upper half of the carboy broke into fragments, pieces of broken glass flew about with great force, and some of them struck her hand causing the injury complained of. The water was not carbonated but was a still water in its natural state.  It had been sold to the plaintiff's employer a few days before by the defendants, and delivered in the five gallon carboy, which was lent by the defendants until the contents should be used.  The defendants did not manufacture the carboys used by them nor did they sell them.  They were bought by them from dealers in good standing and at the usual price for goods of the best quality.  One of the defendants testified that this carboy probably had been used for a year or more, that it was his custom to examine the carboys when washing and refilling them, that so far as he knew this bottle was not defective when delivered to Mr. Morse and that he "never had anything like this happen before."

The action was "in contract or tort;" but there was no contract relation between the parties.  *Gearing* v. *Berkson,* 223 Mass. 257.  The plaintiff proceeds on the theory that the defendants owed her the duty of exercising reasonable care with regard to the condition of the carboy.  See *Elliott* v. *Hall,* 15 Q. B. D. 315. Assuming this to be so, the evidence would not warrant a finding that there was a breach of that duty.  There was nothing inherently dangerous in the bottle or its contents.  *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341.  *Kusick* v. *Thorndike & Hix, Inc.* 224 Mass. 413.  The fact, discovered after the accident, that one side of the carboy was thicker than the other, must be considered in connection with the testimony of the plaintiff's expert that the two sides are never of the same thickness, due to the process of glass blowing.  It was not a defect that was apparent to a non-expert.  And it was known to the trade that these bottles are always inspected by the manufacturer.

The theory of the expert was that the explosion was due to the contraction of the glass, caused by contact with water of somewhat higher temperature. The same defendant further testified that this was "the first time he had ever heard of anything happening just like this;" and on all the evidence such an occurrence was theretofore unheard of. On these facts it cannot be said that the defendants by the exercise of reasonable care would have foreseen that such an unprecedented occurrence was likely to happen. The plaintiff has not shown that her injury was due to the defendants' failure to exercise reasonable care and prudence in the discharge of any duty they owed her. See *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 444.

The trial judge rightly directed a verdict for the defendants. In accordance with the report judgment must be entered on the verdict; and it is

*So ordered.*