MARY BARRANGO *vs.* HINCKLEY RENDERING COMPANY.

Suffolk.    March 4, 1918. — May 22, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Dangerous Substance. Soap. Negligence,* Of merchant. *Evidence, Res ipsa loquitur.*

In the absence of negligence, a retail dealer in selling a commodity not inherently harmful or dangerous is not liable in tort for personal injury resulting from its condition.

Testimony of a driver of a team for a rendering plant, who in behalf of his employer collected soap grease, giving in payment therefor soap which it did not manufacture but acquired from others in the usual course of its business, that sometimes a nail was found in bars of the soap and that he examined them before delivering them to purchasers, is not evidence tending to show that the presence of a needle in a bar of soap given by the driver to a customer was due to negligence of the driver or of his employer.

The mere fact, that a member of the family of the customer to whom the bar of soap was delivered by the driver, as above described, was injured by a needle embedded in the soap, is not evidence of negligence of the driver or of his employer.

TORT for personal injuries caused by a needle in a bar of soap given to the plaintiff, acting for her mother, by the defendant in exchange for some bones.    Writ dated March 20, 1916.

In the Superior Court the action was tried before *White,* J. The material evidence is described in the opinion.    At the close of the evidence for the plaintiff, the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*G. P. Beckford,* for the plaintiff.

*J. F. Sullivan,* for the defendant.

CROSBY, J.    This is an action of tort to recover for personal injuries, received by the plaintiff while using a bar of soap in which a needle had become embedded.    The plaintiff, a minor, acting as agent for her mother, exchanged with the defendant's employee "a dish of bones" for the soap in which the needle was concealed.

The defendant operated a rendering plant in Somerville and sent out its drivers and teams and collected soap grease, giving in payment therefor soap which it kept in large quantities in boxes

at its factory.  The defendant does not make soap from the grease which it purchases, nor does it manufacture the soap which it gives in exchange for grease; and while it does not appear from the record from whom the defendant purchased this soap, it is a reasonable inference that it was acquired either from the manufacturer or from others in the usual course of the defendant's business.  Accordingly the defendant could not have been found to be a manufacturer of the soap, but was a retail dealer in selling the soap presumably purchased from another.

It is settled that, in the absence of negligence, a retail dealer in selling a commodity not inherently harmful or dangerous is not liable in tort for its defective condition which causes injury to another.  *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341. *Crocker* v. *Baltimore Dairy Lunch Co.* 214 Mass. 177.  *Thornhill* v. *Carpenter-Morton Co.* 220 Mass. 593.  *Kusick* v. *Thorndike & Hix, Inc.* 224 Mass. 413.  *Hasbrouck* v. *Armour & Co.* 139 Wis. 357.

There is nothing inherently dangerous in a bar of soap; and it does not appear how or when the needle became embedded in it, or that the defendant knew of its presence before delivering it to the plaintiff or could have known of it by the exercise of reasonable diligence.  Whether it came there during the process of manufacture or afterwards is wholly a matter of conjecture.  The testimony of the defendant's driver, in substance, that a nail is sometimes found in the bars and that he examines them before delivery to purchasers, is not evidence of negligence.

The case of *Hunt* v. *Rhodes Brothers Co.* 207 Mass. 30, cited by the plaintiff, is not an authority in favor of her contention.  In that case the plaintiff was injured by reason of coming in contact with a tack embedded in a leg of lamb; it was admitted that there was evidence of negligence on the part of the defendant's servant, and the only question was whether there was sufficient evidence to warrant a finding that the husband of the plaintiff in purchasing the meat acted as her agent.  This is not a case where the doctrine of *res ipsa loquitur* applies.  *Kusick* v. *Thorndike & Hix, Inc. supra.*

As there was no evidence to warrant a finding that the defendant was negligent, the presiding judge rightly directed a verdict for the defendant.

*Exceptions overruled.*