DOROTHY L. PITMAN *vs.* LYNN GAS AND ELECTRIC COMPANY.

Essex.   February 15, 1922. — April 26, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Actionable Tort. Negligence,* In sale of defective gas flatiron. *Sale,* Of defective article.

A gas flatiron does not come within the class of articles commonly recognized as inherently dangerous to human life, even when used in connection with illuminating gas, and one using it with the permission of its purchaser cannot maintain an action against its vendor for personal injuries resulting from a defect in it although such defect was or, in the exercise of proper care, should have been known to the vendor.

TORT for personal injuries, received by the plaintiff, while, with the permission of the owner, one Laura M. Sims, she was using a gas flatiron which, it was alleged, the defendant negligently had sold in a defective condition to the owner.   Writ dated July 8, 1918.

In the Superior Court, the action was tried before *N. P. Brown,* J. Material evidence is described in the opinion.   The judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $9,000; and the judge reported the action to this court for determination.

*S. Parsons,* (*P. F. Wadleigh & E. Parsons* with him,) for the defendant.

*F. E. Shaw,* (*G. F. Hogan* with him,) for the plaintiff.

CARROLL, J.   The defendant is engaged in the manufacture and sale of gas and electricity and also in the business of selling gas and electrical appliances.   It bought from the manufacturer, the William M. Crane Company, Vulcan gas flatirons, and sold one of them to a purchaser who gave the plaintiff permission to use it.   On August 27, 1917, while the plaintiff was using the appliance, her clothing caught fire from a "blue flame" coming from

the side of the flatiron and she was severely burned.  There was evidence that the purchaser had observed that the handle of the flatiron would at times get hot, and if used for any great length of time small flames would come from the holes on the side, and that it would smoke.  An expert, called by the plaintiff, testified in substance that the flatiron was fundamentally defective; and that the size of the holes would cause flames to come out.  There was evidence that the articles were supplied the defendant by the manufacturer in separate boxes; that the defendant inspected each iron to see that there was no fault in its construction.  There was also evidence that neither the maker nor the defendant had known, prior to the sale by the defendant, of flames bursting from the flatiron as claimed by the plaintiff.  There was a verdict for the plaintiff, and the judge reported the case to this court.

The plaintiff did not purchase the flatiron from the Lynn Gas and Electric Company.  She had no contractual relations with the defendant and it was not the manufacturer of the appliance.

It has been frequently decided and it is the settled law of this Commonwealth that neither the seller nor manufacturer is, under ordinary circumstances, liable for mere negligence to a third person with whom he has no contractual relations.  "The general principle applicable to this class of cases is, that a vendor takes on himself no duty or obligation other than that which results from his contract.  For a breach of this, he is liable only to those with whom he contracted.  All others are strangers.  The law fastens on him no general or public duty arising out of his contract, for a breach of which he can be held liable to those not in privity with him."  *Davidson* v. *Nichols,* 11 Allen, 514, 518. There are many reasons for this rule, as pointed out in the recent case of *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147; there is the absence of legal duty to a mere stranger, the break in the chain of legal causation, and the multiplicity of suits which would follow if third persons could recover.  The rule exempting the seller or manufacturer from liability to strangers for negligence has been frequently applied.  See *Tompkins* v. *Quaker Oats Co. supra,* where the manufacturer of poultry food was held not liable for its negligence in the preparation of the food, to the plaintiff, who purchased it from a dealer to whom the defendant sold it. *Windram Manuf. Co.* v. *Boston Blacking Co.* 239 Mass. 123, paste

or cement purchased by the plaintiff from the defendant's customer. *Burnham* v. *Lincoln,* 225 Mass. 408, explosion of a carboy lent to the plaintiff's employer. *Kusick* v. *Thorndike & Hix, Inc.* 224 Mass. 413, where a can of lime sold by the defendant to the plaintiff's vendor exploded. *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341, employee injured by a bursting emery wheel bought of defendant by plaintiff's employer. And see *Thomas* v. *Lane,* 221 Mass. 447, 450, where a guest of a tenant was injured by reason of the landlord's negligence and it was held that the latter was not liable for the injury. See also *Newhall* v. *Ward Baking Co.* 240 Mass. 434.

There is a well known exception to this rule: when a defendant knowingly sets in motion a dangerous article or, as commonly expressed, where the article is recognized as inherently dangerous to life or property, the manufacturer or seller may be liable to remote purchasers. *Carter* v. *Towne,* 98 Mass. 567. *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64. *Thornhill* v. *Carpenter-Morton Co.* 220 Mass. 593.

There was however nothing inherently dangerous in the flatiron within the accepted meaning of the term; and it did not come within the class of articles which are commonly recognized as dangerous to human life, even when used in connection with illuminating gas; see *Burnham* v. *Lincoln, supra; Barrango* v. *Hinckley Rendering Co.* 230 Mass. 93; *Crocker* v. *Baltimore Dairy Lunch Co.* 214 Mass. 177; *Lebourdais* v. *Vitrified Wheel Co. supra; Huset* v. *J. L. Case Threshing Machine Co.* 120 Fed. Rep. 865.

The defendant having purchased the appliance in the open market was not liable in tort even to its own customer, in the absence of negligence. *Leavitt* v. *Fiberloid Co.* 196 Mass. 440. *Clement* v. *Rommeck,* 149 Mich. 595. *White* v. *Oakes,* 88 Maine, 367. See *Ash* v. *Childs Dining Hall Co.* 231 Mass. 86; *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90. Without intimating that there is any evidence of the defendant's negligence we do not think it necessary to discuss the question, because, even if the defendant were guilty of the breach of some duty it owed the purchaser, the plaintiff could not for that reason recover. Neither can the plaintiff recover on the ground of deceit; the defendant made no false or fraudulent representations, and it made no representations of any kind to the plaintiff. *Tompkins*

v. *Quaker Oats Co. supra,* and cases cited.  See *Newhall* v. *Ward Baking Co.* 240 Mass. 434.

The plaintiff relies on *MacPherson* v. *Buick Motor Co.* 217 N. Y. 382.  Without suggesting that the majority opinion would be followed in this Commonwealth it is to be observed that the defendant in that case was the manufacturer of the automobile and not a mere dealer.

As there is nothing in the evidence to show that the defendant was in any way responsible to the plaintiff, with whom it had no contractual relations, judgment must be entered for the defendant.

*So ordered.*