MARTHA TUCKER *vs.* HAVERHILL ELECTRIC COMPANY.

IRENE TUCKER *vs.* SAME.

Essex.     November 10, 1927. — January 5, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Electricity, Res ipsa loquitur.  *Evidence,* Presumptions and burden of proof.  *Practice, Civil,* Exceptions.

At the trial of an action of tort against an electric company for personal injuries resulting from an explosion in a manhole maintained by the defendant in a city, it appeared that the explosion occurred less than two hours after an extraordinary hail and rain storm which had blocked the sewers, flooded the street over the manhole, and had left four feet of water in the manhole.  The defendant's superintendent testified that the water in the manhole was "the prime reason" for the trouble. There was no outlet for water in the manhole, and it could not be drained into the sewer, which at this point was higher than the bottom of the manhole.  There was no evidence that the manhole cover was not suitable.  Subject to exceptions by the plaintiff, the jury were instructed that there was no evidence that the volume of water in the manhole was due to negligence of the defendant in failing to prevent it; or that any "failure to inspect before the shower would have disclosed the fact, if it be a fact, that water in a manhole would cause an explosion," or that there was anything in the wire conditions after the storm to warn the defendant that there was water in the manhole in quantities sufficient to cause an explosion or that an unreasonable time had elapsed after the shower for the defendant to inspect this and other manholes within its control and to remove the water before the explosion occurred. The judge also instructed the jury that there was no evidence warranting a finding that the manhole cover was defective.  The jury found specially that the defendant was not negligent.  *Held,* that

(1) There was no error in the instructions given;

(2) The doctrine *res ipsa loquitur* was not applicable, as it could not be found that according to common experience the explosion would not have happened without fault of the defendant;

(3) The jury having found that the defendant was not negligent, exceptions to instructions relating to damages were immaterial.

Two ACTIONS OF TORT for personal injuries.   Writs dated December 6, 1924.

In the Superior Court, the actions were tried together before *Broadhurst,* J.   Material evidence and exceptions saved by the plaintiff are stated in the opinion.   There were verdicts for the defendant.   The judge reported the actions to this court for determination.

*R. E. Burke & E. E. Crawshaw,* for the plaintiffs, submitted a brief.

*A. E. Bent,* (*W. I. Badger* with him,) for the defendant.

CROSBY, J.   These are actions of tort wherein the plaintiffs seek to recover damages for personal injuries caused by an explosion in a manhole in a sidewalk on Merrimack Street, in Haverhill, containing electrical apparatus of the defendant. The plaintiffs were upon the sidewalk in proximity to the manhole when its cover was thrown up by the explosion, and they were injured.   The defendant owned the manhole, and maintained and operated therein certain electrical wires and appliances, and two transformers.   It was not contended that the manhole was illegally located in the sidewalk or that there was negligence on the part of the defendant in so locating it.

On the day of the accident there had been an unusually heavy fall of hailstones, followed by a severe rainstorm that had ended not less than two hours before the explosion; water flowed upon and over the sidewalk and manhole cover. There was evidence that the water came down "in a flood" onto the sidewalk near the manhole from Fleet Street which ran into Merrimack Street at a point near the manhole; that there were two feet of water in the street, and that a sewer nearby was blocked up with hailstones; that water flowed over the sidewalk and manhole; that shortly after the explosion water was found in the hole to a depth of about four feet.

The only evidence as to the cause of the explosion came from the defendant's superintendent who stated that he had been employed in that position for many years; that the water in the manhole was "the prime reason" for the trouble; that while it was possible for such an explosion to occur

in any manhole, this was the first trouble the defendant ever had; that he did not know what actually happened because two things could happen — wires might have short-circuited with such force as to create a pressure or some kind of gas might have been in the manhole that would ignite from electrical sparks and cause an explosion. There was no outlet for water in the manhole, and it could not be drained into the sewer, which at this point was higher than the bottom of the manhole.

There was evidence that the manhole was inspected on June 10, 1924, by officials of the defendant and that all the apparatus in it at that time was found to be in good condition; that shortly after the explosion an employee of the defendant in charge of its underground department went to the manhole and found in it about four feet of water. There was no evidence warranting a finding that the cover of the manhole was not suitable for the purpose for which it was used or that the structure underneath was improperly or negligently built.

The presiding judge instructed the jury that the evidence did not warrant a finding that the defendant was negligent in failing to prevent water getting into the manhole, or that the volume of water therein under the circumstances was due to negligence of the defendant in failing to prevent it; that the evidence did not warrant a finding that any "failure to inspect before the shower would have disclosed the fact, if it be a fact, that water in a manhole would cause an explosion"; that after the shower was over there was nothing in the wire conditions to warn the defendant that there was water in the manhole in quantities sufficient to cause an explosion or that an unreasonable time had elapsed after the shower for the defendant to have inspected this and other manholes within its control and to have removed the water before the explosion occurred. The judge also instructed the jury that there was no evidence warranting a finding that the manhole cover was defective. The plaintiffs severally excepted to the instructions given.

The case was submitted to the jury upon the first count in so far as negligence was alleged in failure of the defendant

to provide the manhole with a drain, and upon the fourth count which alleged negligence generally and without specifying particularly in what respect the defendant was negligent. The jury returned a verdict for the defendant in each case.

Immediately after the verdicts were received and before the jurors had been discharged, the trial judge made the following inquiry of the jury: "Did you find that the plaintiffs did not suffer any physical injury, or is your verdict based on the finding that the defendant was not negligent?" THE FOREMAN. "Based on the last." THE JUDGE. "Then you find there wasn't any negligence, rather than on the finding of fact there wasn't any physical injury suffered?" THE FOREMAN. "Yes, sir." It thus appears that the verdict was based upon the finding that the defendant was not negligent. The verdict disposes of the case unless there was prejudicial error in the instructions given subject to the plaintiffs' exceptions.

In *Hecht* v. *Boston Wharf Co.* 220 Mass. 397, where damages were sought because wool stored in a warehouse was made wet by salt water at a time of high tide, it was said at pages 402, 403: "When damages are sought at law in such a connection, the test of liability of a defendant upon whom a duty is cast, is whether the injury caused by the tide is an inevitable accident due wholly to the violence of the natural phenomenon, and not referable in any degree to the participation of man by unreasonable failure to anticipate danger, to put forth appropriate preventive measures or protective instrumentalities, or to employ rational means to ward off the probable consequences of the event. . . . Nothing more can be exacted than such wisdom and prevision as the ordinary man would have manifested to avoid a hazard or forestall a danger of which some warning actually had been given by previous experience or fairly would be disclosed by the application of sound judgment to an observation of general climatic conditions, prevailing customs and all available sources of information naturally to be resorted to by a reasonable man."

Applying these principles to the case at bar, the question is: Did the defendant fail to perform any duty which, acting

with prudence and reasonable care, in view of the existing circumstances, it owed to the plaintiff?

It is undisputed that the storm of hail and rain which occurred on the afternoon of the accident was of extraordinary violence; and although the defendant knew of the storm, there was nothing to warn it of the danger that might result. The defendant's superintendent testified that he had known of water entering and filling manholes but that it had not often occurred, and there was no evidence to show that after a heavy rainfall any particular manhole would be flooded; nor was there evidence that water in a manhole would be likely to cause an explosion. The most that can be found is that the superintendent thought the water caused the explosion, but that during several years of his experience no explosion had occurred in a manhole before.

Upon the entire evidence it could not rightly have been found that the defendant's servants or officials could reasonably have anticipated that the explosion would be likely to occur. There is no evidence to show that the manhole cover was unsuitable; it weighed fifty pounds and fitted closely in its place, although it did not appear that it was absolutely water tight. The undisputed evidence showed that similar manholes were in common use by the defendant. It could not have been found that the defendant was negligent in not inspecting the manhole during the brief period between the shower and the accident to ascertain whether water had entered it. The fall of rain and hail not only flooded the streets, but choked the sewers, producing such an unusual condition that a finding would not have been warranted that the defendant should have anticipated and prevented water entering the manhole. *Magnuson* v. *Gottholm,* 261 Mass. 477.

The contention of the plaintiff that the doctrine *res ipsa loquitur* is applicable is not well founded, as it could not be found according to common experience that the explosion would not have happened without fault of the defendant. *Curtin* v. *Boston Elevated Railway,* 194 Mass. 260. *Sheehan* v. *Boston Elevated Railway,* 220 Mass. 210. *Kusick* v. *Thorndike & Hix, Inc.* 224 Mass. 413, 414, 415. *Barrango* v.

*Hinckley Rendering Co.* 230 Mass. 93, 94.  *Ash* v. *Childs Dining Hall Co.* 231 Mass. 86, 89, 90.

There was no error in the instructions given.

As the jury found that there was no negligence on the part of the defendant, the exceptions to the instructions respecting damages have become immaterial.   We do not intimate that such instructions were erroneous.

In accordance with the terms of the report, in each case judgment is to be entered for the defendant on the verdict.

*So ordered.*