AUDREY SMITH *vs.* DAVIDSON RUBBER COMPANY. April 4, 1940. Exceptions overruled. The verdict for the defendant was directed rightly on the opening statement of the plaintiff. The plaintiff seeks in this action of tort to recover compensation for personal injuries sustained by her when she was two months old through being scalded by hot water leaking from a defective hot water bag manufactured by the defendant. According to the opening statement, the hot water bag was used upon the plaintiff by her mother, who had bought it from a dealer other than the defendant; and the hot water bag was in the same condition when used as when purchased and when manufactured. Obviously there was no contractual relation between the plaintiff and the defendant. Moreover, the hot water bag was not an inherently dangerous article. It was harmless in kind and dangerous only by reason of a defect therein. *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341. *Burnham* v. *Lincoln*, 225 Mass. 408, 409. *Barrango* v. *Hinckley Rendering Co.* 230 Mass. 93, 94. *Pitman* v. *Lynn Gas & Electric Co.* 241 Mass. 322, 323–324. *Giberti* v. *James Barrett Manuf. Co.* 266 Mass. 70, 73. It does not appear that the

defendant actually knew of the defect. See *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341, 343. In the circumstances of this case the maker is not liable to a third person in the position of the plaintiff for negligence in the manufacture of the article. See *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 511, and cases cited.

*M. H. Tobin,* for the plaintiff.
*John Wentworth & B. L. Hill,* for the defendant.