Tomasello, J.
This court entertains this ease- upon a. so-called “case stated” wherein the- agreed statement of facts presents the question whether on all the facts contained therein and the inferences therefrom, (there being no stateiment therein to the effect that the court isl not to draw inferences) Ward v. Great Atlantic & Pacific Tea Co., 231 Mass. 90, 92; West Roxbury v. Minot, 114 Mass. 546; a finding for the plaintiff was warranted as a matter of law, Frati v. Jannini, 226 Mass. 430 ; and to this end no requests for rulings were necessary to bring this ease -before this court. D’Olimpio v. Jancaterino, 304 Mass. 200.
The issue involved in the agreed facts and argued by counsel was whether they per se constituted negligence on the part of the defendant under the doctrine of “res ipso loquiturThe trial judge evidently as may be inferred from his findings- was satisfied that they did bring the ease within this scope.
*62 The facts as agreed were that on the evening of April 11, 1945, a five gallon carboy of ink was delivered at the defendant’s place of business at the corner of Washington (Street and Oorritiill in the City of Boston. During that night, the carboy broke, 'and in the morning the ink had seeped through from the defendant’s premises upon the second floor of the building to the first floor occupied by the plaintiff, damaging the plaintiff’s goods to the extent of $154.00.
“Mes ipso loquitur” applies only when the circumstances are such as to afford a reasonable inference that according to ordinary experience the accident would not have happened except for negligence of the defendant. Walker v. Benz Kid Co., 279 Mass. 533, 538, San Juan Light & T. Co. v. Requena, 244 U. S. 89, 98, 99, Thomas v. Boston Elevated Ry. Co., 193 Mass. 438, Beattie v. Boston Elevated Ry. Co., 201 Mass. 3, Wilson v. Colonial Air Transport, Inc., 278 Mass. 420, Roscigno v. Colonial Beacon Oil Co., 294 Mass. 234.
The doctrine will not be applied, however, if there is any other reasonable or probable cause from which it might be inferred that there was no negligence at all, and it is to be noted that the presumption raised in favor of the plaintiff by the application of the doctrine, res ipso loquitur, is one of evidence and not of substance, and the burden of proof remains during the trial upon the plaintiff. Wilson v. Colonial Air Transport, Inc., 278 Mass. 420, 425, Roscigno v. Colonial Beacon Oil Co., supra. Proof of the defendant’s negligence under this doctrine cannot be left to surmise or conjecture,. Bigwood v. Boston & Northern St. Ry. Co., 209 Mass. 345, and ordinarily the mere happening of an accident is not evidence of negligence. Ruffin v. Coca Cola Bottling Co., 311 Mass. 514, Kusick v. Thorndike & Hix, Inc., 224 Mass. 413. The doctrine merely permits and does not re *63 quire the conclusion that there was negligence. Brian v. B. Sopkin & Sons, Inc., 314 Mass. 180,182, Roscigno v. Colonial Beacon Oil Co., supra.
A person is required to know as to the explosive or inflammable qualities of certain things, e. g., walnut stain, Thornhill v. Carpenter-Morton Co., 220 Mass. 593; or gasoline, Teasdale v. Beacon Oil Co., 266 Mass. 25; or motion picture film, Guinan v. Famous Players-Lasky Corp., 267 Mass. 501; or toy ballons filled with gas, Robinson v. Weber Duck Inn Co., 294 Mass. 75; and is bound to provide against the ordinary operations of nature, but as it is well stated in Bratton v. Rudnick, 283 Mass. 556, “not against her miracles. ’ ’
Although the breaking of the carboy may have been evidence of a defect of some kind, yet the cause is wholly conjectural, and there is nothing to show that it resulted from the fault of the defendant.
The defendant did not manufacture the carboy container, and it does not appear that it knew or had means of ascertaining whether it contained any substance of an explosive nature and not commonly present in ink. There was no evidence that the ink is a dangerous substance or that the defendant was negligent as to the manner of placing the carboy upon its premises or that the carboy was defective and through common experience was apt to break. There was no evidence of any leakage of ink before the breaking. There was no evidence of any strain before the breaking. The cause of the break remains a mystery. Under these circumstances the doctrine of res ipso loquitur does not apply. Kusick v. Thorndike & Hix, Inc., 224 Mass. 413, Burnham v. Lincoln, 225 Mass. 408, Tucker v. Haverhill Electric Co., 262 Mass. 81, Pitman v. Lynn Gas & Electric Co., 241 Mass, 322, Olsen v. New England Fuel & Trans. Co., 251 Mass. 389 at 394, Farley v. Tower Co., 271 Mass. 230.
*64 It is true that the plaintiff was not required to show the exact cause of the break, or to exclude- all possibility that it resulted without fault on the part of the defendant, but the plaintiff had to show a greater probability that it resulted from the defendant’s negligence than from a non-actionable cause. McCabe v. Boston Consolidated Gas Co., 314 Mass. 493, 496.
The contention of the plaintiff that the doctrine is applicable is not well founded as it could not be found according to common experience that the break would not have happened without fault of the defendant. Tucker v. Haverhill Electric Co., supra.
Tnk, a much used commodity, in and of itself is not commonly known to be an inherently dangerous or explosive substance.
Ordinarily, a finding made by a trial judge upon an agreed statement of facts will not be disturbed unless it is unwarranted by all the evidence, including the facts stated and the reasonable inferences that may be drawn therefrom. Boston Lodge Order of Elks v. Boston, 217 Mass. 176, Untersee v. Untersee, 299 Mass. 417. Yet, it is impracticable to render an opinion upon a statement of facts which present merely a speculative question. Capen v. Washington Ins. Co., 12 Cush. 517.
It is our view under the conjectural facts in this action that the trial judge erred in his finding for the plaintiff based upon the “case stated.”
The finding for the plaintiff is vacated and judgment for the defendant is ordered.