WASHINGTON FOOD SHOP, INC. *vs.* S. M. SPENCER MFG. Co. May 10, 1946. Order of Appellate Division affirmed. This action of tort was brought in the Municipal Court of the City of Boston. The plaintiff seeks to recover damages for alleged negligence of the defendant in keeping on its premises a large carboy of ink which broke causing the ink to flow upon the premises of the plaintiff. The case was heard upon the following statement of agreed facts: "On the evening of April 11, 1945, a five gallon carboy of ink was delivered at the defendant's place of business at the corner of Washington Street and Cornhill in the city of Boston. During that night, the carboy broke, and in the morning the ink had seeped through from the defendant's premises upon the second floor of the building to the first floor occupied by the plaintiff, damaging the plaintiff's goods to the extent of $154." The judge denied certain requests of the defendant for rulings including a request for a ruling that as "a matter of law the plaintiff is not entitled to recover in this action," found the facts as agreed, ruled upon these facts "that the doctrine res ipsa loquitur is applicable to the situation," and found for the plaintiff in the sum of $154. Upon a report to the Appellate Division of the rulings and refusal to rule, the Appellate Division ordered the finding for the plaintiff vacated and judgment for the defendant. The plaintiff appealed to this court. Whether the statement of agreed facts is to be regarded as a case stated or as an agreement as to facts to be considered as evidence, see *Frati* v. *Jannini*, 226 Mass. 430, 431, and whether the requests of the defendant for rulings have any standing, see *D'Olimpio* v. *Jancaterino*, 304 Mass. 200, 202, the record discloses error in the trial court and shows that the order of the Appellate Division was right. The burden of proof of negligence of the defendant was on the plaintiff. This burden was not sustained. The facts agreed do not, without more, show such negligence or warrant an

inference of such negligence by the trial court or an appellate court. The cause of the happening resulting in damage to the plaintiff is unexplained. It could not be found upon the agreed facts that, according to common experience, the breaking of the carboy would not have happened without fault of the defendant. *Burnham* v. *Lincoln,* 225 Mass. 408. *Tucker* v. *Haverhill Electric Co.* 262 Mass. 81, 85. *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234, 235.

*L. Theran,* for the plaintiff.

*M. L. Rubin,* for the defendant, was not called on.