*Western District*

*Central District Court of Worcester*

No. 81933

## SUNNYSIDE GREENHOUSES

v.

## RAILWAY EXPRESS AGENCY, INCORPORATED

(January 16, 1956)

*Moore, J.* This action was originally brought as an action of tort but the writ was later amended to read an action in Contract or tort. The plaintiff's declaration contained two counts. The first count was based on an action of tort for the negligence of the defendant. Count 2 was based on an action of Contract for the breach of the same by the defendant. To each count the defendant filed a general denial in answer.

*There was evidence showing that* the plaintiff was the consignee of a shipment to Worcester, Mass., of "Cymbidiums" commonly known as orchids from the United Wholesale Florist at Los Angeles, California; that said shipment was made on March 19, 1951; that the shipment was delivered to the consignee on March 21, 1951; that the goods were packed into three boxes and wrapped in insulation paper; that when the orchids were opened by the consignee at Worcester some of them were turning brown and that they appeared to have been frozen but were not frozen at the time of the inspection by the consignee.

The report contains the statement that "this report contains all the evidence material to all the questions reported". The report does not show that there was any evidence as to whether the orchids were in good order and condition at the time they were delivered by the shipper to the defendant, a common carrier. There was evidence that the orchids were sent by airplane or air express and apparently there was no evidence introduced as to the condition of the plane which transported the goods in question, nor was there any evidence introduced whether the plane was a heated or unheated plane or any testimony or evidence as to the temperatures in the plane during the time of transportation. The report only contains evi-

dence as to the condition of the ground temperatures during the time of transportation.

The Court made the following Findings of Fact:

"This action was amended to become an action of contract or tort wherein the plaintiff seeks to recover for damages to orchids shipped to the plaintiff alleging they were injured due to the negligence of the defendant.

"There was evidence that the plaintiff received three boxes of orchids tied into one package, that the orchids at only one end were damaged and an expert testified the damage was unquestionably due to their having been frozen. There was evidence that these orchids were grown outdoors in California and were hardier than most of the orchid family. There was further evidence that the ground temperature throughout the country had not reached the freezing point during the period of shipment, the lowest temperature of which a record was shown was 35 degrees at 12 P.M. on the 20th, the orchids having been shipped from Los Angeles, California at 6:20 P.M. March 21, 1951. The package was labeled "Fragile With Care" and the flowers were properly wrapped with insulated paper and excelsior.

"I find that the orchids were frozen in transit and find for the plaintiff in the sum of $51.00."

The defendant duly requested a ruling that "on all the evidence the plaintiff is not entitled to recover because there is no evidence that the goods were in good condition when delivered to the carrier in Los Angeles".

The Court denied this request and found that the inference is justified that the damage was caused during shipment. It would appear from reading the report that the trial judge based this inference on a theory analogous to *res ipsa loquitur* on the theory that the only place that the orchids could have been frozen was on the plane and that the orchids were received in good condition. In order to apply the

theory of *res ipsa loquitur* it must be that what did occur could only happen in the way he infers and that it must have happened through the negligence of the defendant. *Cushing v. Jolles,* 292 Mass. 72; *Barrango v. Hinckley,* 230 Mass. 93.

The evidence and facts in this case do not seem to compel or warrant this inference as the facts do not exclude other possible reasons for the freezing; such as the possibility that they might have been in refrigeration in California prior to shipment or the fact that the deterioration of the flowers might have been caused by other reasons than that of freezing. In this case the cause or whether there was negligence is too conjectural to apply the rule of *res ipsa loquitur. Wilson v. Colonial Air Transport,* 278 Mass. 420. The burden was upon the plaintiff to show that the goods were in good condition when received by the carrier for shipment. *Norris Swetland v. Boston & Albany R.R. Co.,* 102 Mass. 276. *Barrett v. Rogers,* 7 Mass. 297.

The report of the trial judge clearly shows that his finding that the orchids were frozen in transit was based solely on inference, which inference does not seem to be justified as a matter of law from the reported evidence. Furthermore, because of the failure of the plaintiff to show the condition of the goods at the time of the receipt by the carrier for shipment, the denial of the defendant's requests by the trial judge was prejudicial error and a "New Trial" is ordered.

Anderson & Anderson, for the plaintiff.

S. G. Barker, for the defendant.