*Northern District*

## MARGARET COOPER
v.
## LASSO DRIVE-IN, INC., No. 4996
### AND
## MARGARET COOPER
v.
## E. DEMAKES & CO., INC., No. 4996-A

(September 25, 1957)

*Present*: GADSBY, P. J. AND BROOKS, J.

Case tried to RUSSELL, SP. J. in the First District Court of Eastern Middlesex. No. 446 of 1954.
(This opinion has been abridged)

*Gadsby, P. J.* The plaintiff brought an action of tort or contract against the defendant, Lasso Drive-In, Inc., for injuries she sustained when she bit into a nail concealed in a franfurt purchased by her from the drive-in stand of the defendant. She also brought a similar action against E. Demakes & Company, Inc., which she alleged manufactured the frankfurt.

The plaintiff is seeking to recover for alleged

breach of warranty and also for negligence arising out of the sale.

Both cases were tried together:

In the case against the Lasso Drive-In, Inc., the facts found by the trial judge show a sale was made by the defendant to the plaintiff who purchased a frankfurt at a stand operated by the defendant. She took the frankfurt home and while eating it bit on a nail concealed in a frankfurt purchased by her from and treated for a broken tooth and loss of a filling. Her gum became infected and developed to such an extent that as a result of the injury she had to have all of her upper teeth extracted and an upper plate made. The frankfurt purchased from the Lasso Drive-In, Inc., was manufactured by the defendant, E. Demakes & Company, Inc., and sold by it to the Lasso Drive-In, Inc. He found for the plaintiff on her count for breach of an implied warranty in the sum of $7,114.00, including interest.

The defendant filed certain requests for rulings which were denied by the trial judge, as follows:

2. The evidence does not warrant a finding that the defendant, Lasso Drive-In, Inc., made a sale to the plaintiff within the meaning of the applicable statutes and decisions.

3. The evidence does not warrant a finding that the defendant, Lasso Drive-In, Inc., breached any warranty, express or implied, owed by it to the plaintiff.

An examination of the record shows no error in the disposition of the defendant's requests for rulings numbers 2 and 3.

The transaction clearly was a sale and under the provisions of G. L. c. 106, §17 (1) there was an implied warranty that the frankfurt which she purchased was fit to eat and the presence of the nail inside constituted a breach of that warranty. Service of food for immediate consumption on the premises is a sale and carries with it an implied warranty of

fitness for consumption. *Friend v. Childs Dining Hall Co.*, 231 Mass. 65; *Smith v. Gerrish*, 256 Mass. 83; *Barfield v. F. W. Woolworth Co.*, 329 Mass. 641.

The presence of a foreign substance in food which causes injury, constitutes a breach of this implied warranty of fitness. *Ward v. Great A. & P. Tea Co.*, 231 Mass. 90.

The fact that the plaintiff took the frankfurt home and consumed it there instead of at the premises of the drive-in station should not alter the liability of the defendant.

The ancient theory that the guest at an inn has a license merely to eat what portion of the food he desires on the premises and cannot take away what is left has certainly been rendered obsolete by our modern trend of living. Whatever possibility exists of retaining this doctrine to restaurants certainly cannot be extended to the case at bar of a purchase at a roadside stand. It is clearly contemplated that the purchaser may take the article off the premises and eat it in his car or home or whatever spot on the highway he desires to stop. As a matter of fact, containers are furnished to customers for the express purpose of keeping the food hot or cold so that it may be eaten elsewhere. It would be an illogical distortion to hold that the food must be eaten on the premises, although many of the Massachusetts cases speak of the food as being consumed on the premises. However, no Massachusetts cases hold that if the food were consumed off the premises, there would be no liability.

We act only on specific requests for rulings of law. A general statement by the defendant, in addition to being aggrieved by the denial of the defendant's requests for rulings of law, that he is generally aggrieved by the Court's findings of fact and rulings of law, both with respect to the defendant's liability and the damages, confers no additional rights. In

fact, it is not in compliance with Rule 28 of the District Courts. *Rollins v. Perry*, 284 Mass. 488; *Almeida v. Alsdorf*, 291 Mass. 115.

There being no prejudicial error in the case of Margaret Cooper v. Lasso Drive-In, Inc., the report is ordered dismissed.

In the case against E. Demakes & Company, Inc., the Court found for the plaintiff on count 6 of the declaration which alleged negligence on the part of the defendant company in the manufacture of the frankfurt alleged to have sold to the defendant, Lasso Drive-In, Inc.

*There was evidence tending to show the following*:

The plaintiff, on the evening of November 8, 1952, purchased a frankfurt-on-a-roll from the co-defendant, Lasso Drive-In, Inc. She took the frankfurt-on-a-roll home and there started to eat it. She bit into the frankfurt once, felt something hard, and then bit into it again and discovered that there was a nail in the frankfurt. There was evidence that the nail was between one and one-half inches in length and about one-eighth of an inch in diameter. She called the Lasso Drive-In, Inc., on the telephone and was told to go down and see the manager. She got into the car with her husband and went back and there she talked with the night manager, John Anasoulia. She showed him the nail and told him that the filling had been knocked out from the bicuspid on the left side of her mouth. She left the nail with the night manager and was told by him to return on Monday.

There was also evidence from Louis Demakes, the treasurer and manager of E. Demakes & Company, Inc., tending to describe the methods used in the manufacture of meat products in the plant of the defendant. Mr. Demakes testified that the meat comes to the plant in barrels; that the barrels are lined with parchment and that the hoops, the staves and tops

and bottom of the barrels are held together by nails; that the meat is removed from the barrels by hand and placed upon a bench where it undergoes a thorough visual and manual inspection for foreign matters; that it is then put through a grinder with a plate having holes one sixteenth of an inch in diameter and following that it is placed into stainless steel or aluminum trucks and taken to a machine called a silent cutter, where the clearance between the knives and the bowl is less than one thirty-second of an inch; that it is removed from that machine and placed into a stuffer which is a cylinder with a floating piston, moved by compressed air, which pushed the meat through a horn with an opening of three-eighths of an inch in diameter, into a sheep casing. The frankfurts are then linked, hung on metal trees, smoked and steamed; finally they are cooled and packaged in ten pound boxes, in which condition they are placed in refrigerated trucks and delivered to the customers of the defendant.

There was evidence tending to show that the only nails in the plant were the nails used to hold the barrels together and the nails used to fasten certain shelves in the storage refrigerator, and that all the personnel had been instructed to exercise care in the detection of foreign particles in the meat being processed.

There was also evidence tending to show that the meat contained in frankfurts is a homogenuous mass, ground to a very fine consistency and that the frankfurts contain no piece of meat approximating in size the nail alleged to have been found by the plaintiff in the frankfurt purchased from the co-defendant, Lasso Drive-In, Inc.

There was also evidence from John Anasoulia, the night manager of the Lasso Drive-In, Inc., who was in sole charge of operation at the time that the alleged frankfurt was purchased by the plaintiff; that the

Lasso Drive-In, Inc., purchased frankfurts on or about the time of the alleged accident *only* from E. Demakes & Company, Inc., *but that during this period they were accepting samples of frankfurts from other manufacturers* and that those frankfurts were being received in five and ten pound boxes; that two or three of the frankfurts in each box were tested when received and that *the remainder were mixed in with frankfurts purchased from the co-defendant, E. Demakes & Company, Inc.* In cross-examination, John Anasoulia testified that he had no knowledge whose frankfurts were served to the plaintiff on November 8, 1952.

There was further evidence from John Anasoulia that when the frankfurts were received from E. Demakes & Company, Inc., they were separated by the defendant, Lasso Drive-In, Inc., about three or four diagonal cuts were made on each frankfurt and the frankfurts were then placed in a receptacle and put in the refrigerator where they sometimes remained as long as three or four days before they are sold; that when the frankfurts were cooked they were placed on an open grill and there cooked by the co-defendant, Lasso Drive-In, Inc., and that the rolls in which the frankfurts were served were toasted in that same open grill.

At the close of the trial and before final arguments, the defendant, E. Demakes & Company, Inc., filed requests for rulings, as follows:

1. On all the eivdence the plaintiff is not entitled to recover.

2. There was no contractual relation between the plaintiff and the defendant which would entitle the plaintiff to recover against the defendant, E. Demakes & Company, Inc., on Count One of plaintiff's declaration.

3. The presence of a nail in a frankfurt placed in a roll and served with mustard is *not in itself evidence of* negligence upon which the plaintiff could recover in this case.

4. The doctrine of res ipsa loquitur does not apply in this case.

5. There was no evidence that the nail alleged to have been found in the prepared frankfurt was placed there while the frankfurt was in the factory of the defendant, E. Demakes & Company, Inc.

6. There was no evidence of negligence on the part of the defendant, E. Demakes & Company, Inc., in manufacturing the frankfurt.

7. There was no evidence that this particular frankfurt was manufactured by the defendant, E. Demakes & Company, Inc.

The Court allowed the defendant's requests for rulings as to No. 2; disallowed as to 1, 3, 4, 5, 6 and 7.

The Court found the same facts as in the first case.

The present finding is based on negligence. There was no evidence as to who manufactured the frankfurt eaten by the plaintiff. Frankfurts from different concerns were mixed together and it would be conjecture to state that the frankfurt eaten by the plaintiff was the one manufactured by the defendant. *Tartas' case,* 328 Mass. 585, 586 and 587: "The claimants cannot prevail if the question is left to guess, surmise, conjecture or speculation, so that the facts established are equally consistent with no right to compensation and with such a right."

Even if the specific frankfurt consumed were manufactured by the defendant company, there was no evidence of negligence on its part. There was ample opportunity for the nail getting into the frankfurt after the Lasso Drive-In, Inc. obtained it. *Barrango v. Hinckley Rendering Co.,* 230 Mass. 93, 94: "In the absence of negligence, a retail dealer in selling a commodity not inherently harmful or dangerous is not liable in tort for its defective condition which causes injury to another." This case

involved the situation where the plaintiff was injured by a needle embedded in a bar of soap. The Court said at page 94, in language which is applicable to this present case, "There is nothing inherently dangerous in a bar of soap; and it does not appear how or when the needle became embedded in it, or that the defendant knew of its presence before delivering it to the place or could have known of it by the exercise of reasonable diligence. Whether it came there during the process of manufacture or afterwards is wholly a matter of conjecture."

There was nothing inherently dangerous in the frankfurt so that the manufacturer would be liable to third parties with whom he had no contractual relations. *Pitman v. Lynn Gas & El. Co.*, 241 Mass. 322.

The Court erred in its denial of the defendant's requests for rulings and the finding for the plaintiff is reversed and a finding entered for the defendant.

Richard C. Sheppard, for the Plaintiff, Lasso Drive-In, Inc.

Badger, Pratt, Doyle & Badger, for the Defendant, DeMakes Co., Charles DeMakes.